No. 6.—CHARLES C. BEALL *et al.* plaintiffs in error, *vs.* A. E. COCHRAN, administrator, &c. defendant in error.

[1.] A suit was brought against the Sheriff and his two sureties, on his official bond. On the first trial, judgment was recovered against all three. The Sheriff appealed under the Act of 1839, the sureties neglecting or refusing to do so. On the final trial, the Sheriff was acquitted from any liability on account of his alleged misconduct: *Held,* that the first judgment could not be enforced against the sureties.

Illegality, in Wilkinson Superior Court. Decision by Judge HARDEMAN, October Term, 1854.

Suit was brought by A. E. Cochran, as administrator, &c. against Solomon B. Murphey, Sheriff, and the sureties on his bond, on an alleged misfeasance, in demanding and taking more costs than the law allowed. On the first trial, there was a recovery by the plaintiff below. Murphey, the principal, alone appealed. Upon the appeal trial, a verdict was rendered in his favor; execution was issued on the first verdict, and judgment against the sureties, who had not appealed. An affidavit of illegality was filed, on the ground that the sureties were relieved by the final judgment relieving their principal. The Court below dismissed the illegality, and this decision is assigned as error.

JNO. C. BOWER, for plaintiff in error.

A. E. COCHRAN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] Ought the sureties to pay the money recovered on the first judgment? and because of that judgment? To state the case free from all embarrassment growing out of the Act of 1839, (*Cobb's Dig.* 500,) authorizing *one* of several parties, plaintiff or defendant, to appeal, and which urgently demands legislative explanation and amendment, as was made manifest in *Stell vs. Glass,* (1 *Kelly,* 475); and *Allison vs. Chaffin and another,* (8 *Ga. R.* 330,) and other decisions of this Court—suppose the suit had been brought separately in this case, against the Sheriff and each of the sureites—and this could have been done, the bond being joint and *several*—and suppose judgments had been recovered against each of the sureties on account of the alleged misconduct of the principal; and then, on the trial against the Sheriff, he should have been acquitted of all delinquency—is it possible that Equity would not relieve the sureties by injunction, against the payment of the judgments against them? If it would not, there would, unquestionably, be a most signal and lamentable failure of justice in such a case. Sureties made to respond for the default of their principal, of which he was never guilty! They mulcted, perhaps, in the entire penalty of the bond, and he discharged from all liability, leaving them, of course, without the right of recourse over against their principal for contribution!

It is said Courts make precedents. We disclaim all such pretension. It is nevertheless true, that all precedents had a beginning; and if none can be found for this case, it is because, under our peculiar Statutes regulating the relation of principal and surety, and the rights of the latter, resulting from that relationship, *after* as well as *before* judgment, the case, itself, is one *sui generis.*

Whether the Act of 1799 authorized a suit against the sureties on a Sheriff's bond, for any default or misconduct in his office, *anterior* to a recovery against the principal, I will

not discuss. Certain it is, that no action can be brought until an order be passed for that purpose, on the application of the party aggrieved. The showing for this purpose, if not required to be made on affidavit, should be more special than it has been. It would save much trouble and expense to sureties—it might have prevented this case.