EX PARTE IN THE MATTER OF JACOB MUSSINA AND ANGELA GARCIA LAFON DE TARNEVA, ET AL. APPELLANTS, *v.* RAFAEL GARCIA CAVAZOS AND WIFE, ET AL.

A rule laid upon the district judge of the State of Texas, to show cause why a mandamus should not be issued for him to allow an appeal in a certain case; but upon an examination of the case, the mandamus refused.

ON motion for a rule on the Hon. John C. Watrous, judge of the District Court of the United States for the eastern district of Texas, to show cause, &c.

*Mr. Benjamin*, of counsel for the said Jacob Mussina and Angela Garcia Lafon de Tarneva, appellants as aforesaid, and two of the defendants in the above-entitled cause, moved the court for a rule on the Hon. John C. Watrous, judge of the District Court of the United States for the eastern district of Texas, requiring him to show cause, on the first Monday of

February next, why a peremptory writ of mandamus should not issue, directing him to allow the appeal of the said defendants from the final decree rendered against them in the above-entitled cause, and to grant all 'such legal orders as may be necessary to enable said defendants to bring said appeal regularly before this court. On consideration whereof, it is now here ordered by the court that a rule on the Hon. John C. Watrous, judge of the District Court of the United States for the eastern district of Texas, requiring him to show cause, on the first Monday of February next, why a peremptory writ of mandamus should not issue for the purposes above stated, be, and the same is hereby, granted. And it is further ordered, that a copy of this rule be forthwith served on the said district judge.

*December* 24, 1857.

A copy of this rule was served upon Judge Watrous, when he filed the following answer:

In answer to a rule recently made by this court, requiring me to show cause why a peremptory writ of mandamus should not be issued, commanding me to allow the appeal of Jacob Mussina and Maria Angela Garcia de Tarneva, two of the defendants in a cause heretofore mentioned, in the District Court of the United States for the district of Texas, I most respectfully state that I am now ready to allow said appeal, and always have been. That I have never been disposed to oppose or hinder it. My desire has always been that my decision in the case should be revised by this honorable court, where, if it was right, it would be affirmed, and where any error into which I may have fallen will be at once detected and reformed. Some time before the 15th day of January, 1857, Mr. Daniel D. Atchison, of Galveston, stated to me at chambers that he wished to take an appeal for Mussina, in the Cavazos case. I asked him whether the time limited for taking appeals had expired or not. He said that it had not. I then replied, "Mr. Mussina has a right to the appeal, and I will give it to him, as a matter of course. Call it up in the courthouse at any time when the opposing counsel is present, and I will fix the amount of the bond and perfect the appeal." It has been my practice, whenever it is convenient, to hear both sides as to the amount of the bond. The opposing counsel, Mr. Hale, resided in Galveston—his office is but a very short distance from the court-house. The court at the time of the application was in session, and Mr. Hale was in daily attendance upon it. Notice might have been served upon him very easily, at any time. If notice had been served upon him, I should

*Mussina et al.* v. *Cavazos et al.*

have proceeded without his presence and perfected the appeal. But I was never informed that Mr. Hale had notice of the application. No citations were ever presented to me for signature—no bond for my approval.

I have no recollection that the application was ever renewed to me, either in open court or at chambers. The conversation which occurred at my office, between Mr. Atchison and myself, as above stated, is the only one of which I have any remembrance. I do not say that the appeal was never brought to my notice in open court, but I do say, that if it ever was, I do not remember it.

The session of the court continued for several weeks, and I believe months, after the application of Mr. Atchison was made to me. Mr. Hale was in almost constant attendance upon the court in attention to his business, and it would have been very easy for Mr. Atchison to present the matter to the court when Mr. Hale was present. If he had done so, I should, without the least hesitation, have proceeded to do anything necessary to perfect the appeal. If he had stated that he could not procure the attendance of Mr. Hale, or could not wait further for his attendance without injury to his client, I should have proceeded to act on the application at once. The intervention of this court is entirely unnecessary, as I am ready at any moment, when requested, to proceed to approve a proper and sufficient appeal bond, and to sign a proper citation; and even if I should not be satisfied with the bond which might be presented to me, and should refuse to approve it, the parties affected by such refusal could at once obtain their appeal from any of the judges of this court, either during the term or afterwards. I submit, therefore, that the rule should be discharged.

JOHN C. WATROUS.

*Washington, Jan. 23, 1858.*

In support of this answer I beg leave to refer to several affidavits received since it was written, and which accompany it. JOHN C. WATROUS.

*February 1, 1858.*

*District Court of the United States, Eastern District of Texas, at Galveston.*

RÁFAEL GARCIA CAVAZOS ET AL. *v.* CHARLES STILLMAN ET AL. *In Chancery, No.* 41.

I, Joseph E. Love, deputy clerk of the District Court of the United States for the eastern district of Texas, at Galveston, make oath and say: That, on the 13th day of January, A. D. 1857, Daniel D. Atchison, Esq., brought into the clerk's

office of said court a paper purporting to be a petition of Jacob Mussina and others, to join in an appeal theretofore taken in the above-entitled cause. Affiant believes that this was in the afternoon of said day, and the endorsement of filing made on that day is in my handwriting. I was present when the petition was presented to Judge Watrous by Mr. Atchison. His honor asked him if the five years allowed by law for taking an appeal had expired? Mr. Atchison replied, "No." Judge Watrous then replied, as near as I can remember, in these words: "Certainly, sir, I will grant your request, and any day you will get the opposing counsel and come to me, I will fix the bond and perfect the appeal." It was my duty to be in court whilst it was in session, and I was there during the greater part of the time. F. J. Parker officiated in the absence of the clerk and myself. To the best of my remembrance and belief, no application for appeal in said cause was made in open court, from the 13th to the 16th of January, inclusive. I believe I was in court, on those days, all the time it was in session. J. E. LOVE.

*United States District Court for the Eastern District of Texas.*

CAVAZOS ET AL. *v.* STILLMAN ET AL. *In Chancery, No.* 41.

I, James Love, clerk of the United States District Court, sitting at Galveston, state, on oath, that it appears from the minutes of the court now before me, entered in my own handwriting, that I was in court from the 13th to the 20th January, 1857, inclusive; that during that time, whilst I was in court, to the best of my recollection and belief, no application was made, in open court, by D. D. Atchison, or any other, for appeal in the above cause, on any of those days. I further state, that I was not in court all the time of its session on the days named, but was never absent without leaving one or both of my deputies, F. J. Parker and Joseph E. Love, with strict injunctions that one of them should always be at the clerk's table. The court opened at 10 A. M., at 2 P. M., with an uniformity I have not seen equalled. I usually left court between 11 and 12 o'clock. JAMES LOVE.

*In the United States District Court for the Eastern District of Texas.*

CAVAZOS ET AL. *v.* STILLMAN ET AL. *In Chancery, No.* 41.

I, F. J. Parker, state, on oath, that I was present at the January term of the United States District Court for the eastern district of Texas, sitting at Galveston, on each of the days from the 13th to the 16th of January, 1857, inclusive; that during that time no application was made in open court from any

source, for an appeal in said chancery cause, No. 41, or for any other action relating to the same, while I was present in court. I further state that, at the said term of said court, I was acting as deputy clerk of the same for James Love, the clerk of the court, at Galveston, and that it was my custom always to be present during the absence of the said James Love, or J. E. Love, his deputy; and that, to the best of my recollection, I was never absent from court when one or the other of the said gentlemen were not present.                      F. J. PARKER.

*In the United States District Court, Eastern District of Texas, Galveston.*

CAVAZOS ET AL. *v.* STILLMAN ET AL.   *Chancery, No.* 41

I, J. A. H. Cleveland, state, on oath, that I am deputy marshal, and have been since the appointment of Ben. McCulloch as marshal of the district of Texas, in 1853; and that, as such deputy marshal, it is my duty and my business to be present each day when the court is in session, and I can safely say that, to the best of my knowledge, I have never been absent a day when it was my duty to be present in court.

I attended regularly the January term, 1857, every day, and I never saw nor heard of any petition for an appeal in the above case until I received, a few days ago, from Mr. Hale, a document, the affidavit of Mussina for mandamus, which was copy, as he wrote me, filed by Mussina in the Supreme Court of the United States, and which said copy of affidavit he, the said Hale, wrote me to hand to Judge Watrous.

I am positively certain that the attorney for Mussina did not at any time during the January term, 1857, present or read any such paper in open court. From the fact that this case was an important one, and much clamor raised against Judge Watrous about it, I have been particular in noticing all the action taken by counsel in court in relation thereto, and thus the reason why I am so positively certain as to the statement above made.                      J. A. H. CLEVELAND.

Subscribed and sworn to before me, this fourteenth day of January, 1858.            F. J. PARKER, *U. S. Commissioner.*

*United States District Court for the District of Texas.*

CAVAZOS ET AL. *v.* STILLMAN ET AL.   *In Chancery, No.* 41.

I, Joseph E. Love, deputy clerk of the United States District Court for the eastern district of Texas, do, upon oath, depose and say, in addition to my affidavit of this date, previously made and sworn to before F. J. Parker, commissioner, etc.,

*Mussina et al. v. Cavazos et al.*

at the request of Ebenezer Allen, of counsel for the plaintiffs in the above-entitled and numbered cause, that I have this day carefully examined the minutes of the court for the entire month of January, 1857,.and find that they contain no entry whatsoever in the said cause, of or relating to any proceeding had therein, either upon the said petition of appeal mentioned in the affidavit of Simon Mussina, filed in the Supreme Court of the United States, at the December term thereof, 1857, (as appears by a copy of said affidavit, duly certified by William Thomas Carroll, clerk of said court, which I have read,) or upon any other matter whatsoever pertaining to said cause. And I further say, that if any action had been taken or proceeding had in said cause, in open court, upon said petition, or touching the matter thereof in any manner whatsoever, the same would have been entered at the time, and would now appear upon the said minutes.                    J. E. LOVE..

Sworn to and subscribed before me, this fourteenth day of January, A. D. 1858.                    F. J. PARKER,
          *U. S. Commissioner for the Eastern District of Texas.*

### *District of Texas.*

RAFAEL GARCIA CAVAZOS ET AL. *v.* CHARLES STILLMAN ET AL.   *In Chancery, at Galveston.*

I, John S. Jones, make oath and say, that I was crier of the District Court of the United States for the eastern district of. Texas, at Galveston, during the January term, 1857, of said court; that during the most of the time said suit was pending in said court, I was deputy clerk thereof, and was familiar with said cause, and that but little transpired in the progress of said cause, of any importance, with which I was not familiar.

I further say that said cause was one of deep and exciting interest, and that circumstances attending said cause drawing attention especially thereto.

And I further say, that from the 1st to the 15th of January, 1857, I was but rarely absent from said court during its sessions, and that I have no recollection of any application having been made in open court, during the time aforesaid, for an appeal in said cause, nor do I believe that such application could have been made and refused by the court without my knowledge. I further say, that I am personally acquainted with some of the parties, and am well acquainted with almost every counsellor who from time to time was engaged in said cause.

                    JOHN S. JONES.

Sworn to and subscribed before me, this 14th day of January, A. D. 1858.　　　　　　　　　　　　　F. J. PARKER,
　　　*U. S. Commissioner for the Eastern District of Texas.*

*United States District Court for the District of Texas—now the United States District Court for the Eastern District of Texas.*

CAVAZOS ET AL. *v.* STILLMAN ET AL.　*In Chancery, No.* 41.

On motion of *J. P. Benjamin,* of counsel for Jacob Mussina and Angela Garcia Lafon de Tarneva, two of the defendants in the above-entitled cause, ordered that the Hon. John C. Watrous, judge of the District Court of the United States for the eastern district of Texas, show cause on the first Monday of February next why a mandamus should not issue, directing him to allow the appeal of said defendants from the final decree rendered against them in the above-entitled cause, and to grant all such legal orders as may be necessary to enable said defendants to bring said appeal regularly before this court.

*United States District Court for the District of Texas.*

CAVAZOS ET AL. *v.* STILLMAN ET AL.　*In Chancery, No.* 41.

Simon Mussina, being duly sworn, deposeth that he is the agent of Patrick C. Shannon, Jacob Mussina, and Angela Garcia Lafon de Tarneva, three of the defendants in the above-entitled cause, and is intrusted by them with the care and protection of their interests in said suit; that said suit was instituted in the District Court of the United States, having and exercising the powers and jurisdiction of a Circuit Court of the United States for the district of Texas, on the 12th day of January, 1849, and that a final decree was rendered in said cause, against said three defendants and other co-defendants, by the Hon. John C. Watrous, judge of said court, on the 15th day of January, 1852, and that an appeal was taken from said final decree by said Shannon on the 30th July, 1856, which appeal is now pending in this honorable court; that at the last term of this honorable court, to wit, in the month of December, 1856, this affiant retained the services of counsel for the argument of said cause in this court in behalf of said Shannon, and that, on examination of the record, this deponent was advised by said counsel that the said appeal had been taken irregularly, and would be dismissed for this, to wit, that the said final decree was joint against the several defendants in said suit, and that the co-defendants of said Shannon had not joined in the appeal, nor been notified to join; that thereupon this deponent, being desirous to perfect said appeal in behalf of said Shannon, and also desirous to make said Jacob Mussina and Angela

Tarneva joint appellants with him, did, prior to the expiration of five years from the date of said final decree, to wit, in the month of January last, (1857,) and several days before the fifteenth day of said month, cause to be presented to the said Judge Watrous, in chambers, a petition of appeal in the name and behalf of said Jacob Mussina and Angela Tarneva from said final decree, and in said petition prayed for a citation of all parties in interest, to the end that said co-defendant, Patrick C. Shannon, might join in said appeal, and that all the other co-defendants might also join or refuse to join in said appeal; and said petition of appeal further contained an offer to give such appeal bond as might be required by said Judge Watrous; as the whole will more fully appear by reference to a duly-certified copy of said petition of appeal, hereunto appended as part of the affidavits, marked A.

And this affiant doth further depose, that the said honorable judge declined at the time of said presentation of said petition to allow said appeal, or to order the other parties in interest to be cited, or to fix the amount of or approve any appeal bond, but declared that he would consider the subject, and report his decision to the attorney who signed said petition of appeal; that after the lapse of some days, without any decision having been given as promised by said judge, he was again requested in open court, and prior to the said fifteenth day of January last, and by the said attorney who had signed said petition of appeal, to allow said appeal and grant said order of citation, and approve an appeal bond as aforesaid; but said Judge Watrous again declined to allow said appeal or grant any order in the premises, saying he would fix the amount of bond to be given by petitioners when the opposite counsel should be in court; and this deponent further saith that the said John C. Watrous, judge as aforesaid, hath not yet allowed said appeal, but declines and neglects to allow the same, or to grant any order for citations as aforesaid, or to approve any appeal bond, so that, without the aid and interposition of this honorable court, the said Patrick C. Shannon, Jacob Mussina, and Angela Garcia Lafon de Tarneva, are utterly without remedy in the premises, and without the means of exercising their legal right of having said final decree examined and revised on appeal in this honorable court.

SIMON MUSSINA.

Sworn and subscribed in open court.

WM. THOS. CARROLL, *Clerk*
*Supreme Court of the United States.*

*December* 24, 1857.

*United States of America, District of Texas.*
CAVAZOS ET AL. *v.* STILLMAN ET AL. *In Chancery,* No. 41.
*To the Honorable John C. Watrous, Judge of the United States District Court for the District of Texas.*

The petition of Jacob Mussina and Angela Garcia Lafon de Tarneva, who are defendants with Patrick C: Shannon in the above-entitled and numbered cause, and in which said cause a final decree was rendered in this court on the 15th day of January, 1852, being the highest court in which a decision could be had; that the real estate disposed of by said decree, and the property there set forth, was of more than two thousand dollars in value; that the decision and decree of your honorable court, rendered in the above-entitled and numbered cause, was adverse to the right title, &c., of petitioners, and that it so appears of record; that said Patrick C. Shannon, the co-defendant of petitioners, having prayed an appeal to the United States court from the decision of your honor, petitioners referring to the petition of said Shannon, and the appeal bond filed in said cause by the said co-defendant, now comes and prays your honor to allow your petitioners to join and unite with your co-defendant in said appeal from the decree rendered as aforesaid by your honor, and that all parties in interest be cited, &c., and for such orders as may be necessary in effecting said appeal; and petitioners are ready to tender such bond for costs, &c., as may be required, &c., by this honorable court.     JACOB MUSSINA,
ANGELA LAFON DE TARNEVA,
*By their Attorney,* DANIEL D. ATCHISON.

*United States of America, Eastern District of Texas.*

I, James Love, clerk of the District Court of the United States for the eastern district of Texas, certify the foregoing to be a true copy of the original—purporting to be a petition for appeal to the Supreme Court of the United States in the case No. 41 in chancery, wherein Rafael Garcia Cavazos and others are complainants, and Charles Stillman and others are defendants, by Jacob Mussina and Angela Garcia Lafon de Tarneva.

{ SEAL. } In testimony whereof I hereunto set my hand and affix the seal of said court at the city of Galveston, this eighth day of July, A. D. 1857.     JAMES LOVE, *Clerk.*

Mr. Justice McLEAN delivered the opinion of the court.

A motion was made at this term for a rule on the district judge of Texas to show cause why a mandamus should not be issued, commanding him to allow an appeal in the above case.

This rule was granted on the affidavit of Simon Mussina, as agent for a part of the defendants.

In his answer the judge says, "I am now ready to allow the appeal, and always have been; that some time before the 15th day of January, 1857, Mr. Daniel Atchison, of Galveston, stated to him, at chambers, that he wished to take an appeal for Jacob Mussina in the above case, and that the judge inquired whether the time limited for taking appeals had expired, and was informed it had not. The judge then replied, "Mr. Mussina has a right to an appeal, and I will allow it as a matter of course, when the opposing counsel shall appear, and I will fix the amount of the bond." It is his practice to allow appeals in the presence of counsel. Mr. Hale, the counsel for the defendants, lives in Galveston, near to the place where the court was held, and was daily in court. No application seems to have been made in court on the subject of the appeal; no citation was presented to the district judge; no bond for his approval. The conversation with Mr. Atchison, at the chambers of the judge, respecting the appeal, is all that was said to him on the subject. If it were mentioned in open court, he has no recollection of it.

The clerk of the court, the deputy clerk, the crier, the marshal of the United States and his deputy, who were in attendance on the court, all corroborate, on oath, the statement of the judge, and say no application was made in open court for the appeal; and no entry on the docket is found of such an application. From the certified copy of the petition for an appeal, it does not appear to have been filed, or that an entry of it was made on the docket.

A party wishing an appeal should make an application for its allowance in open court, or to the judge at his chambers, and should name his securities. And the bond should be prepared for the approval of the judge, and the citation for his signature, unless the appeal was prayed in open court and entered upon the record. It appears the decree in question was entered jointly against several defendants, and that an appeal by Patrick C. Shannon only, who was one of the defendants, was taken. Simon Mussina, on whose oath the rule was entered, was agent for Jacob Mussina, Angela Garcia Lafon Tarneva, who were also defendants, and he desired that these persons might be allowed an appeal, and also the other defendants, so as to remove the case to the Supreme Court. At this time, the cause was pending in the Supreme Court, on the appeal taken by Shannon. That appeal was irregular, as less than all the defendants in a joint decree cannot appeal without a summons and severance in the court below. And this was not done on Shannon's appeal.

The regular mode of proceeding would have been to dismiss the appeal in this court, pray for another appeal in the court below, and for a summons and severance, so that the defendants desirous of an appeal might take it, without the concurrance of those defendants who were opposed to it. Had the appeal been prayed in open court, and entered upon the record, the judge below might well have refused it, as the legal steps for its allowance were not taken. Under such circumstances, it was the duty of the judge to act in the presence of the opposing counsel. (Owings et al. *v.* Kincannon, 7 Peters, 399; Todd et al. *v.* Daniel, 16 Peters, 521.)

Whether an application might not have been made to this court to correct the irregularity of the appeal, is not before us under the rule for the mandamus. The writ is refused.