## PIERCE *vs.* CHAPMAN *et al.*

Parties not appealing from a first verdict, are bound by it.

*Fi. fa.* and illegality, in Warren Superior Court. Decision by Judge THOMAS, at the October Term, 1860.

The facts of this case are as follows, to wit:
Pierce Bailey recovered a judgment against William Littleton, as administrator of Lucy Bray, deceased, and Benja-

min Chapman, and Mary Hodgins, for $1,037.75, besides interest and cost.

From this judgment Littleton entered an appeal, Chapman and Hodgins not appealing.

On the appeal, Bailey recovered a judgment against Littleton, as the administrator of Bray, for the sum of $700 only.

A writ of *fieri facias* was issued from the first judgment, against Benjamin Chapman and Mary Hodgins, and was levied upon their property.

The defendant filed an affidavit of illegality to the *fi. fa.*, on the ground:

That there was no judgment corresponding with the *fi. fa.*, as there had been an appeal entered from the same, and the recovery had been reduced to $700; that they were only securities of Lucy Bray on the claim, on which the judgment was founded; that the appeal vacated the first judgment from which the *fi. fa.* issued, and that having a right to control the *fi. fa.*, as sureties, after paying it off, the *fi. fa.* should have issued against the principal, as well as the sureties.

Counsel for plaintiff demurred to the affidavit of illegality, admitting the facts stated in it, and upon hearing the demurrer, the presiding Judge sustained the demurrer, holding, that an appeal by a principal, and a diminution of the recovery on the appeal, enures to the benefit of the sureties.

This decision is the alleged error.

POTTLE, and WASDEN & NELMS, for plaintiff in error.

GIBSON and HUFF, for defendants in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

The only question in this case is, whether, when the securities to the contract neglect or refuse to appeal from the first verdict, and the recovery is diminished upon the appeal, are they bound by the first or the last judgment? From the first case brought before this Court, on the Act of 1839 (*Cobb's Dig.* 500), down to the decision in *Durham's* case, at Macon, last July, with the exception of *Beall vs. Cochran* (18 *Ga. Rep.* 38), this Court has uniformly maintained, that if any

one or more of the defendants chose to abide by the first verdict, rather than litigate further, it was their right and privilege to do so; and until the new Code goes into operation, which, we are informed, has prescribed a different rule, we shall adhere to the previous adjudications.

It was comparatively easy to say, that one person should control five, or force them to litigate further, whether they wished to do so or not, and even at the risk of having them mulct in much heavier damages. But whether this is wise or just, is not proper, perhaps, for me to express any opinion.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be reversed, on the ground that the Court erred in sustaining the affidavit of illegality filed by the defendants in this case.