## DOLAN v. JENNINGS.

## KIBBE v. JENNINGS.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 265, 266. Argued March 26, 1891. — Decided March 30, 1891.

A decree was entered in the Circuit Court in favor of two complainants against a defendant for the infringement of letters patent, from which the defendant appealed. After the decree, and before the appeal was taken, one of the complainants below died. It did not appear that the cause of action survived, or that there was a severance between the surviving and the representatives of the deceased plaintiff. The death of the deceased party was not suggested on the record, his representatives did not appear voluntarily, nor were they cited to appear. *Held,* that the proper course of proceeding to enable this court to obtain jurisdiction had been wholly disregarded, and that it was too late to cure the defect, more than four years having elapsed since the final decree was entered.

IN EQUITY.   The case is stated in the. opinion.

*Mr. John R. Bennett* for appellants.

*Mr. Arthur v. Briesen* (with whom was *Mr. Antonio Knauth* on the brief) for appellee.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

These are appeals from final decrees rendered in the Circuit Court of the United States for the Southern District of New York, awarding to Abraham G. Jennings and Warren P. Jennings, complainants, damages against Thomas Dolan, of Philadelphia, and Kibbe, Chaffee, Shreve & Co., of New York, for the infringement of letters patent No. 218,082 for lace purling.   A design patent No. 10,448 for a design for fringed lace fabric was also proceeded on in the bills of complaint, but was held not to have been infringed by defendants.   Final decrees were rendered in each suit in favor of Abraham G. Jennings and Warren P. Jennings against Dolan and Kibbe *et al.*, respectively, on the 12th of February, 1887.

On the 25th of March, 1887, a petition for appeal was filed in each case on behalf of the defendants, entitled " Abraham G. Jennings, survivor of Abraham G. Jennings and Warren P. Jennings," and against Dolan and Kibbe *et al.*, and the appeals were allowed.

The bond in No. 265 was approved March 10, 1887, and entitled " A. G. Jennings, surviving complainant in A. G. Jennings and W. P. Jennings *v.* Thomas Dolan," and recited that Dolan and his sureties were " held and firmly bound unto the above-named complainants in the sum of thirty-five hundred dollars, to be paid to the said complainants."   The citation ran, " to Abraham G. Jennings, surviving complainant, etc." and was served March 24, 1887.

In No. 266 the bond was entitled " A. G. Jennings, surviving complainant in A. G. Jennings and W. P. Jennings *v.* Henry R. Kibbe," and the other defendants, and recited that the persons signing were " held and firmly bound unto the above-named A. G. Jennings and W. P. Jennings in the sum of

twenty-seven hundred dollars, to be paid to the said A. G. Jennings & W. P. Jennings." This bond was filed March 10, 1887. The citation ran to "Abraham G. Jennings, surviving complainant, etc.," and was served March 24.

The bills commenced "Abraham G. Jennings and Warren P. Jennings, doing business at the city of New York, county and State of New York, and citizens of the State of New York," and set up that Abraham G. Jennings and Warren P. Jennings were "the sole and exclusive owners" of the patents in question. It nowhere appeared from the pleadings, proofs, proceedings or decrees, that the complainants claimed to own or did own the patents as partners, though there was some evidence that there was a firm styled A. G. Jennings & Son, or A. G. Jennings & Sons, or Jennings & Co. · Sundry licenses were put in evidence, describing Abraham G. Jennings and Warren P. Jennings as the owners of the patents and the granting of the licenses accordingly. The death of Warren P. Jennings was not suggested on the record by the appellants, except as the titles to the petitions for appeal and the bonds on appeal, and the directions of the citations, might be considered as such. But we understand his death after decree to be conceded. No order was procured, directed to the proper representatives of the estate of Warren P. Jennings, or notifying them of the appeal, nor have they voluntarily appeared.

The proper course of proceeding upon this subject has been wholly disregarded. · Rev. Stat. § 955; Act March 3, 1875, § 9, 18 Stat. 470, c. 137; Rule 15, 108 U. S. 581. So far as disclosed by these records, the cause of action did not on the death of one of the complainants survive to the other, nor could there have been nor was there any severance between Abraham G. Jennings and the legal representatives of Warren P. Jennings; nor do we think that the defect can now be cured. More than four years have elapsed since the final decrees were entered, and as we have never had jurisdiction over the legal representatives of the deceased complainant, it is impossible for us to obtain it now.

In *Knickerbocker Life Insurance Co.* v. *Pendleton*, 115 U. S. 339, after judgment had been rendered here reversing the

judgment below, which had passed in favor of the plaintiffs below, the court discovered that the writ of error was sued out and citation directed and served against only one of those plaintiffs, and that the preliminary appeal bond was made to him alone. The supersedeas bond was, however, executed to all the plaintiffs, and the subsequent proceedings generally bore a plural title. The special circumstances of the case were held to justify the amendment of the writ of error and the issue of a new citation.

In *Mason* v. *United States*, 136 U. S. 581, the application to amend being made more than two years after the entry of judgment, and the omitted parties being in no way in court, the application was denied and the writ of error dismissed. *Estis* v. *Trabue*, 128 U. S. 225.

We are compelled to hold the objection fatal to our jurisdiction, and the appeals must be

*Dismissed.*