DODSON v. FLETCHER.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

No. 827.

APPEAL—DEFECT OF PARTIES—VOLUNTARY APPEARANCE.

It is not competent for parties to confer jurisdiction on the circuit court of appeals to review a judgment, six months after the judgment or decree sought to be reviewed was entered, by the voluntary appearance of necessary parties to the appeal. Accordingly, *held*, that an order of dismissal of an appeal, for want of necessary parties, would not be vacated, upon their admission of service of the citation and entry of appearance.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

J. D. Cook, for the motion.

W. C. Ratcliffe and John Fletcher, opposed.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. A motion to set aside the order of dismissal, which was entered in this case on January 26, 1897 (78 Fed. 214), has been filed; and the motion is supported by an acknowledgment of service of the citation, and by an entry of appearance of certain parties who were made parties to the original suit, but were not made parties to the appeal. On these papers we were asked to vacate the order dismissing the cause. The application, however, must be denied. The decree from which the appeal was taken was entered on May 1, 1896. T. M. Dodson perfected his appeal by filing the necessary bond on May 23, 1896. The only defendant who is made a party to the appeal is John G. Fletcher, trustee. The act of congress creating this court allows six months within which to perfect an appeal. When the six months limited had expired, no appeal had been perfected upon which this court could review the decree of the trial court. We think that it is not competent for parties to confer jurisdiction upon this court to review a judgment, six months after the judgment or decree sought to be reviewed was entered, by the voluntary appearance of necessary parties to the appeal. The motion to set aside the dismissal and for leave to enter the appearance of certain parties is denied.