MARSHALL FIELD & CO. v. WOLF & BRO. DRY GOODS CO.

(Circuit Court of Appeals, Eighth Circuit. February 2, 1903.)

No. 1,769.

1. BANKRUPTCY—COMPOSITION—ACCEPTANCE—APPEAL—PARTIES.

On appeal by a creditor of a bankrupt from an order approving a composition under which a majority of the creditors have received the amounts to which they were entitled, the assenting creditors are necessary parties.

Appeal from the District Court of the United States for the Eastern District of Arkansas.

W. B. Thompson (John W. Blackwood and John E. Williams, on the brief), for appellant.

George B. Rose (U. M. Rose and W. E. Hemingway, on the brief), for appellee.

Before CALDWELL, SANBORN and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. Wolf & Bro. Dry Goods Company, a corporation, having been adjudged a bankrupt on the petition of its creditors, offered to its creditors a composition of 30 cents on the dollar, which was accepted by a large majority in number and value of its creditors, and, after considering objections to the composition filed by the appellant in this case, and hearing evidence on the issues, the bankrupt court approved the composition, and thereupon, and before this appeal was taken, there was paid to the several creditors accepting the composition the amount due them, respectively, and the estate of the bankrupt was returned to and disposed of by it. Neither the trustee nor the assenting creditors are made parties to the appeal, but only the bankrupt, and there is a motion to dismiss the appeal on this ground, which must be sustained. The creditors assenting to the composition, and who have received the amount due them thereunder, have a direct interest in maintaining the order appealed from, and should have been served with citation and made ap-

pellees in this appeal. Dodson v. Fletcher, 24 C. C. A. 69, 78 Fed. 214; Farmers' Loan & Trust Co. v. McClure, 24 C. C. A. 64, 78 Fed. 210; Dodson v. Fletcher, 24 C. C. A. 466, 79 Fed. 129; American Loan & Trust Co. v. Clark, 27 C. C. A. 522, 83 Fed. 230; Boyd v. Stuttgart R. R., 28 C. C. A. 262, 84 Fed. 9; Grand Island R. R. v. Sweeney, 37 C. C. A. 127, 95 Fed. 396; Same v. Same, 43 C. C. A. 255, 103 Fed. 342.

If their number made it impracticable to make them all parties to the appeal, at least a sufficient number to insure an effective representation of the assenting creditors should have been made parties. The great body of the creditors having accepted the composition and received their money before this appeal was taken, the consequences of reversing the order of the court approving the composition would be very serious to them. They would have to repay the money they have received, and incur the risk of receiving a less sum from the trustee. It is very plain that the bankrupt does not represent the assenting creditors, and that their interests are such as to require that they should be made parties to the appeal.

For failing to make the assenting creditors, who had received the money due them under the composition, parties to the appeal, the case must be dismissed. We may add that we have examined the record very carefully, and perceive no error on the merits.

The appeal from the District Court is dismissed.