CONSUMERS' COTTON OIL CO. v. NICHOL.

(Circuit Court of Appeals, Eighth Circuit.  February 2, 1903.)

No. 1,733.

1. APPEAL—PARTIES—FAILURE TO JOIN OR SEVER.
  Where one of two defendants, against both of whom a decree for damages has been entered by a court of admiralty, does not join in an appeal therefrom, and he is not served with summons and notice of severance before the time for appeal has expired, he cannot thereafter be brought in, or by his voluntary appearance confer jurisdiction on the appellate court.

Appeal from the District Court of the United States for the Eastern District of Arkansas.

W. S. McCain and Farrar L. McCain, for appellant.
Morris M. Cohn, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge.  In this case a decree in admiralty was rendered to the effect that Wolf Nichol, as administrator, should recover from the Consumers' Cotton Oil Company and M. S. Brinkley $1,934.40, together with all costs of the proceeding; that upon the payment of $900 by the Consumers' Cotton Oil Company or its surety, and the costs of the proceeding, that company should be discharged from all liability under the decree; that, upon the failure to pay that sum and the costs, execution should issue against it; and that execution might go against M. S. Brinkley for any sum which

remained due and unpaid after the cotton oil company had exercised its option to pay or to refuse to pay the $900. This decree was rendered at some unknown date which does not appear in the record. An appeal from this decree was taken on February 7, 1902, by the Consumers' Cotton Oil Company and A. D. Allen, its surety, but M. S. Brinkley did not join in the appeal, nor was he served with a summons and notice of severance or like notification. On November 17, 1902, Brinkley appeared in this court and waived the service of citation. Brinkley was interested in the decree, was one of the judgment debtors, and the determination of the question presented by the Consumers' Cotton Oil Company determines the amount for which he will ultimately be liable under the decree. The case, therefore, could not be properly considered or heard in this court unless Brinkley was a party to the proceeding or had failed or refused to join therein after notice to do so. At the end of the six months from the entry of the decree, no appeal had been taken which would allow this court to review this record, because Brinkley had not then become, or failed or refused after notice to become, a party to the proceeding in this court. It was not competent for Brinkley to take an appeal subsequent to that date, or for the parties to this suit, or Brinkley, to perfect the appeal by bringing in a new party. Dodson v. Fletcher, 78 Fed. 214, 24 C. C. A. 466; Grand Island & W. C. R. Co. v. Sweeney, 95 Fed. 396, 37 C. C. A. 127. Upon the authority of these cases the appeal must be dismissed. It is so ordered.