COPLAND et al. v. WALDRON.

(Circuit Court of Appeals, Ninth Circuit. October 10, 1904.)

No. 1,058.

1. APPEAL—OMISSION OF NECESSARY PARTY—AMENDMENT.

Where an appeal was taken by two of three defendants, against whom a joint decree for a sum of money was rendered, and the record fails to show that the third defendant, who made default in the court below, was in any manner joined in the appeal, or notified to join, or severed for failure or refusal to join, the defect is not one of form only, which the Circuit Court of Appeals may permit the appellants to cure by amendment, under Rev. St. § 1005 [U. S. Comp. St. 1901, p. 714], but is fatal to jurisdiction of the appeal.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

On motion of appellee to dismiss, and on appellants' motion for leave to amend appeal.

This is a libel in personam by C. W. Waldron against George H. Copland, George Morrill, and James Pirie. It is alleged in the libel that Copland, Morrill, and Pirie, as joint owners of the schooner Laurel, contracted with Waldron, among other things, to carry upon said schooner a certain cargo of merchandise from Puget Sound, state of Washington, to Golofnin Bay, or Nome, Alaska; that the cargo was furnished, accepted, and loaded on board; that the Laurel sailed and began her voyage, but that by reason of her unseaworthiness, known to the appellants when they entered into the contract, she failed to deliver the goods at the port of destination. The libel further avers that a considerable portion of the cargo was utterly lost, and that the remainder thereof was discharged upon the Colman Dock, in Seattle, where at the time of filing the libel it still remained. Copland and Morrill appeared, excepted, and answered; but Pirie, although served with process, did not appear, and his default was taken. The trial court, after receiving and considering evidence, rendered its decision in favor of the libelant, Waldron, and on September 23, 1903, made its decree "that the said C. W. Waldron, the above plaintiff, do have and recover of and from the defendants, George H. Copland, George Morrill, and James Pirie, in the sum of $5,000," etc. This decree was entered on September 26, 1903. On March 7, 1904, Copland and Morrill filed their petition for an order allowing an appeal, together with their assignment of errors. On the same day an order allowing an appeal by Copland and Morrill was obtained by them, and on March 21, 1904, notice of appeal by Copland and Morrill was served and filed, and a bond on appeal given by the same parties. The record fails to disclose that James Pirie is in any way joined in the attempted appeal, and it nowhere appears that he was ever in any manner notified to join, or severed for failure or refusal to join after notice or at all. Before this cause came on for hearing, the appellee moved to dismiss the appeal attempted by Copland and Morrill, who, on their part, on May 6, 1904, made a counter-motion "for an order allowing amendment of the citation therein so as to include the name of James Pirie as a party to this appeal, or that the court direct a citation to be issued from the clerk's office of this court directing him (the said James Pirie) to appear in this court upon the hearing of this appeal." The motion to amend is based on the facts above stated, under the provisions of section 1005 of the Revised Statutes [U. S. Comp. St. 1901, p. 714], which reads as follows: "The Supreme Court may, at any time, in its discretion and upon such terms as it may deem just, allow an amendment of a writ of error, when there is a mistake in the teste of the writ, or a seal to the writ is wanting, or when the writ is made returnable on a day other than the day of the commencement of the term next ensuing the issue of the writ, or when the statement of the title of the action or parties thereto in the writ is defective, if the defect can be remedied by

reference to the accompanying record, and in all other particulars of form: provided, the defect has not prejudiced, and the amendment will not injure, the defendant in error."

S. D. King and G. Meade Emory (Frederick Bausman, of counsel), for appellants.

Charles Page, E. J. McCutchen, and Samuel Knight, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge, after making the foregoing statement, delivered the opinion of the court.

The motions herein made will be considered together. Appellants admit that the decree appealed from is joint, and that a joint decree should be appealed from by all, or severance made; that the fact that Pirie did not appear in the lower court furnishes no excuse for appellants leaving him out on the appeal; and that this court has the power to dismiss the appeal for want of his presence. But appellants claim that the contention of appellee that this court has no power to bring the omitted party in is not correct.

We are of opinion that the facts of this case bring it within the rule announced by the Supreme Court in Estis v. Trabue, 128 U. S. 225, 229, 9 Sup. Ct. 58, 32 L. Ed. 437. After holding that a writ of error, in which the plaintiff and defendants were designated merely by the name of a firm containing the expression "& Co.," was not sufficient to give the court jurisdiction, but, inasmuch as the record disclosed the names of the persons composing the firm, allowed the writ to be amended, under section 1005 of the Revised Statutes [U. S. Comp. St. 1901, p. 714], the court said:

"But there is another difficulty in the present case, which cannot be reached by an amendment in or by this court under section 1005. The judgment is distinctly one against the claimants, and C. F. Robinson and John W. Dillard, their sureties in their 'forthcoming bond,' jointly, for a definite sum of money. There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties or as containing a judgment against the sureties, payable and enforceable only on a failure to recover the amount from the claimants; and execution is awarded against all of the parties jointly. * * * It is well settled that all the parties against whom a judgment of this kind is entered must join in a writ of error, if any one of them takes out such writ, or else there must be a proper summons and severance, in order to allow of the prosecution of the writ by any less than the whole number of the defendants against whom the judgment is entered. * * * Where there is a substantial defect in a writ of error, which this court cannot amend, it has no jurisdiction to try the case. * * * It will then, of its own motion, dismiss the case, without awaiting the action of a party."

This case is directly in point. It is, however, argued that since the rendition of the decision the Supreme Court has changed its ruling, and accepted the views contended for by appellants; and our attention has been called to Inland & Seaboard Coasting Co. v. Tolson, 136 U. S. 572, 10 Sup. Ct. 1063, 34 L. Ed. 539, which it is claimed is "strikingly illustrative" of their contention. The facts in that case were dissimilar from the case at bar. There Tolson recovered damages in the Supreme Court of the District of Columbia. The Inland & Seaboard Coasting

Company was the sole defendant therein, and gave an undertaking with four sureties, and took an appeal to the general term, where the court, in accordance with its rule in such cases, when it affirmed the judgment of the special term, also entered judgment against the sureties in the undertaking. The writ of error, having been sued out without mentioning the sureties, was dismissed. In moving to rescind the judgment of dismissal, the plaintiff in error argued that the judgments of the general term "were in fact and in law two judgments, and that the sureties were not parties to the tort suit." The court contented itself by a simple order granting the motion to rescind the dismissal, and allowed the writ of error to be amended so as to include the sureties. We are not prepared to say that in making this order there was necessarily any departure from the rule announced in Estis v. Trabue, and it is fair to presume that none was intended. Within five months after the decision in the Tolson Case the Supreme Court decided Mason v. United States, 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 345, where a postmaster and his sureties were sued jointly for a breach of the bond, and he and a part of the sureties appeared and defended, the suit was abated as to one of the sureties, the others made default, and judgment of default was entered against them. The sureties who had appeared and defended the suit sued out a writ of error. A motion was made to amend the writ by adding the omitted parties, and the motion was denied.

Walton v. Marietta Chair Co., 157 U. S. 342, 346, 15 Sup. Ct. 626, 39 L. Ed. 725, furnishes an illustration of the character of cases where amendments to the writ of error should be allowed under the provisions of section 1005 of the Revised Statutes. They are cases where "the statement of the title of the action or parties thereto in the writ is defective," or where the defect, whatever it be, "can be remedied by reference to the accompanying record." This is also made clear by reference to the language of the statute. This is not a case where the appeal is merely defective in form.

The truth is that the rule must be determined by the particular facts in each case as they arise. In the present case the record does not, as mentioned in the statement of facts, disclose that James Pirie, who was one of the three parties against whom the suit was brought to recover damages for breach of a joint contract, and against whom judgment was rendered, was in any manner joined in the appeal, or that he was ever notified to join, or severed for failure or refusal to join. These things must appear to give this court jurisdiction of the appeal. As was said by the court in Inglehart v. Stansbury, 151 U. S. 68, 72, 14 Sup. Ct. 237, 38 L. Ed. 76:

"This could only be shown by a summons and severance, or by some equivalent proceeding, such as a request to the other defendants, and their refusal to join in the appeal, or at least a notice to them to appear, and their failure to do so; and this must be evident upon the record of the court appealed from, in order to enable the party prevailing in that court to enforce his decree against those who do not wish to have it reviewed, and to prevent him and the appellate court from being vexed by successive appeals in the same matter."

The motion to dismiss is granted, and the motion to amend denied.