HOLBROOK, CABOT & DALY CONTRACTING CO. v. MENARD.

(Circuit Court of Appeals, Second Circuit. April 17, 1906.)

No. 580.

WRIT OF ERROR—JOINT JUDGMENT—SEPARATE PROCEEDINGS—DISMISSAL.

Plaintiff alleged injury in a collision between one of the cars of a railway company and one of the trucks of a contracting company. She made both companies defendant, averring that her injuries were inflicted by

reason of the "carelessness and negligence of the defendants, their servants, agents, or employés," and demanded judgment "against the defendants." Defendants appeared separately, and judgment was entered in favor of plaintiff after trial against both, whereupon defendant contracting company sued out a writ of error, without reference to its codefendant, or any showing that the latter had been notified to appear and failed to do so, or had refused to join in the proceedings in error. *Held*, that the judgment was joint, and therefore the several writ of error could not be sustained.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 1811.]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon a writ of error to review a judgment of the Circuit Court, Southern District of New York, in favor of defendant in error, who was plaintiff below, against plaintiff in error and the Interurban Street Railway Company, who were defendants below.

Benjamin Patterson, for plaintiff in error.

J. M. Gardner, for defendant in error.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

PER CURIAM. Upon the cause being reached for argument, the defendant in error moved to dismiss the writ of error, upon the ground that, the judgment appealed from being a joint one and the codefendant not joined in the writ, this court is without jurisdiction to hear the appeal. The motion is made upon the record, and the record only can be considered. Inglehart v. Stansbury, 151 U. S. 72, 14 Sup. Ct. 237, 38 L. Ed. 76. It discloses the following facts: Plaintiff averred that she was injured by reason of a collision between one of the cars of the Interurban Street Railway Company and one of the trucks of the Holbrook, Cabot & Daly Contracting Company. She made both companies defendant, averred that her injuries were inflicted by reason of the "carelessness and negligence of the defendants, their servants, agents, or employés," and demanded judgment "against the defendants." The cause came on to trial at a jury session of the Circuit Court in April, 1905, the defendant Holbrook, Cabot & Daly Contracting Company appearing by its attorney, and the defendant Interurban Street Railway Company appearing by its attorney, and the plaintiff appearing by her attorney. The jury rendered a verdict against both defendants, and on April 19th judgment was entered in favor of plaintiff against both. The defendant Holbrook, Cabot & Daly Contracting Company secured the allowance of a writ of error (which in no way indicates upon its face the existence of a codefendant) on May 29, 1905, and its bill of exceptions was settled on September 11th.

It is a familiar doctrine that in cases at law where the judgment is joint all the parties against whom it is rendered must join in the writ of error. The reasons for this practice are that the successful party may be at liberty to proceed in the enforcement of his judgment against

the parties who do not desire to have it reviewed, and that the appellate tribunal shall not be required to decide a second or third time the same question on the same record. Hardee v. Wilson, 146 U. S. 181, 13 Sup. Ct. 39, 36 L. Ed. 933. Where one of the parties refuses to join in a writ of error, the other may have a remedy by summons and severance. Courts have grown more liberal, and the formal practice of summons and severance is no longer required; but the Supreme Court has uniformly insisted that the record shall disclose that the party had been notified to appear, and had failed to appear, or, if appearing, had refused to join, and that on that ground the court granted an appeal to the party who prayed for it as to his own interest. Mason v. U. S., 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 345; Hardee v. Wilson, supra; Inglehart v. Stansbury, supra; Davis v. Mercantile Trust Co., 152 U. S. 593, 14 Sup. Ct. 693, 38 L. Ed. 563; Beardsley v. Ark. & Louisiana Railway, 158 U. S. 127, 15 Sup. Ct. 786, 39 L. Ed. 919.

We are constrained by these decisions to grant this motion. It is apparent that through failure to conform to the established practice the very thing has happened which that practice was designed to avoid, viz., another appeal from the same judgment. The record does not disclose it, but we must take judicial notice that at this same session a writ of error to review the same judgment, sued out by the railway company, is presented for consideration, and a similar motion made with regard to it. The authorities cited are directly in point and controlling.

The motion is granted.