## AMERICAN BAPTIST HOME MISSION SOC. v. BARNETT et al.

Circuit Court of Appeals, Second Circuit. May 7, 1928.

No. ——.

1. Appeal and error ⬤➝325—Decree adjudging invalidity of Indian's gift in trust held "joint decree" within rule as to joinder of necessary parties on appeal.

Decree adjudging that Indian's gift to missionary society and trust agreements with respect thereto were void, that neither donee nor trustee had property or beneficial interest therein, and that bonds and proceeds were donor's property, to be held for him by Secretary of Interior, to whom trustee was ordered to deliver bonds, *held* a "joint decree" within rule requiring joinder in appeal by all parties affected by the decree or exclusion by severance of those refusing or failing to join after summons or notice.

[Ed. Note.—For other definitions, see Words and Phrases, Joint Decree.]

2. **Appeal and error ⊕⟹324—Anything in record showing that party not appealing has had notice of appeal and abides by decree is sufficient showing of "severance" within rule relating to joinder in appeal.**

Anything in record which shows that necessary party appellant not joined as appellant has had notice of appeal and has chosen to abide by the decree is sufficient "severance" within rule requiring joinder in appeal by parties affected by decree or exclusion by severance of those refusing or failing to join after summons or notice.

3. **Appeal and error ⊕⟹324—Belated appearance and request to join as appellant is not equivalent to "summons and severance."**

Belated appearance of necessary party appellant and request to join as an appellant is not equivalent to summons and severance within rule requiring joinder in appeal of all parties affected by decree or exclusion by severance of those failing to join after summons or notice.

4. **Appeal and error ⊕⟹336(2)—Defect of nonjoinder of necessary appellant cannot be cured by amendment after expiration of time for appeal.**

The defect of nonjoinder of a necessary appellant is not one which can be cured by amendment after the statutory time for appeal has expired.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Jackson Barnett, a mental incompetent, by Elmer S. Bailey, his prochein ami, and another, against the American Baptist Home Mission Society, and the Equitable Trust Company of New York. From the decree (21 F.[2d] 325) defendant first named appeals. On plaintiff's motion to dismiss the appeal for nonjoinder of a necessary party and countermotion by appellant for leave to join defendant last named as a party appellant. Appellant's motion to amend denied, and plaintiff's motion to dismiss granted.

Charles S. Fettretch, of New York City, for appellant.

Patterson, Eagle, Greenough & Day, of New York City (Carroll G. Walter, of New York City, Hummer & Foster, of Henryetta, Okl., and Cochran & Ellison and McCrory & Monk, all of Okmulgee, Okl., of counsel), for appellee Barnett.

Charles H. Tuttle, U. S. Atty., of New York City, for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge. The facts will be stated only so far as necessary for disposition of these motions; a fuller statement may be found in the opinion of the District Court reported in Barnett v. Equitable Trust Co., 21 F.(2d) 325. Briefly, suit was brought by Barnett, a full-blooded Creek Indian, by his next friend, against the Equitable Trust Company of New York and the American Baptist Home Mission Society, to set aside as void, because of Barnett's mental incompetence, an attempted gift by him of United States Liberty Loan Bonds of the par value of $550,000. These bonds and other property belonging to Barnett were held for him by the Secretary of the Interior. At Barnett's request, and with the approval of the Commissioner of Indian Affairs, the Secretary of the Interior delivered these bonds to said Mission Society, which in turn transferred them to said Trust Company, to be held under a deed of trust which provided that during Barnett's life $20,000 of the net income from the bonds should be paid annually to him and the balance to the Mission Society, to which the corpus of the trust property was also to be paid upon his death. Simultaneously the Mission Society executed a declaration of trust by which it agreed to apply all the income and corpus so received to certain charitable institutions in Oklahoma maintained for the benefit of the Indians. The bill prayed that the defendants be required to account for the bonds and to turn over the same or their proceeds to the complainant.

The United States of America was permitted to intervene, and it prayed that the gift of bonds and the trust instruments be set aside and that the trust funds be returned to the Secretary of the Interior for the benefit of Barnett.

Separate answers were interposed by the two defendants, in which each claimed that the gift and the trust instruments were valid.

After trial the court entered a decree which adjudged that the gift to the defendants of the bonds and said trust agreements with respect thereto were void, that defendants had no property or beneficial interest therein, and that the bonds and their proceeds were the property of Barnett to be held for him by the Secretary of the Interior, to whom the Trust Company was ordered to deliver it. It was further decreed that upon such delivery the Trust Company "shall be discharged from all accountability and liability" under said trust agreement. Jurisdiction of the cause was retained for the purpose of entertaining applications for the allowance of counsel fees, and execution of the decree by the Trust Company was stayed until such applications should be determined.

This decree was entered on November 22, 1927. On February 15, 1928, the Mission Society alone filed a notice of appeal, an as-

signment of errors, and an appeal bond for costs. The notice of appeal was directed to Barnett and the United States, and citation on appeal was issued only to them. No notice of appeal was served on the Trust Company, and no summons and order of severance was obtained. The time for appeal expired on February 22d, and no appeal was taken by the Trust Company.

The appellees moved to dismiss the appeal because of the nonjoinder of the Trust Company, and the appellant thereupon moved for leave to join the Trust Company as a party appellant, and to amend its notice of appeal and the citation accordingly. In support of such motion appellant has filed a paper, executed by the Trust Company under date of March 29, 1928, stating that:

"The Equitable Trust Company of New York hereby appears as an appellant herein and waives the issuance and service of a citation herein, and asks that it be granted leave to join in and become a party appellant to this appeal, and submits itself to the jurisdiction of this court as fully as though it had been duly and formally cited to appear herein, and waives notice of any proceedings heretofore had herein, including the service upon it of the notice of appeal heretofore filed by appellant the American Baptist Home Mission Society."

[1] The decree affects both of the defendants and is obviously a "joint decree," within the meaning of the rule requiring joinder in appeal by all parties affected by the decree, or exclusion by severance of those who refuse or fail to join after summons or notice. Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Mason v. United States, 136 U. S. 581, 10 S. Ct. 1062, 34 L. Ed. 545; Hardee v. Wilson, 146 U. S. 179, 13 S. Ct. 39, 36 L. Ed. 933; Inglehart v. Stansbury, 151 U. S. 68, 14 S. Ct. 237, 38 L. Ed. 76; Beardsley v. Ark. & La. Ry. Co., 158 U. S. 123, 15 S. Ct. 786, 39 L. Ed. 919; Garcia v. Vela, 216 U. S. 598, 30 S. Ct. 439, 54 L. Ed. 632; Grand Island, etc., Co. v. Sweeney, 103 F. 342 (C. C. A. 8); Ibbs v. Archer, 185 F. 37 (C. C. A. 3); Priest v. Seaman, 266 F. 844 (C. C. A. 8); Babcock v. Norton, 5 F.(2d) 153 (C. C. A. 2).

The reasons for the rule are stated in the cases to be two: To permit the successful party to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed, which was apparently impossible without severance, even though the writ of error was sued out by only one of the judgment debtors, Laroche v. Wasbrough, 2 Term Rep. 737; and to prevent the nonjoining parties from prosecuting another appeal raising the same questions on the same record. This second reason disappears after the time for taking an appeal has expired, but none of the cases suggests that this makes any difference in the enforcement of the rule of dismissal. Indeed where each of two defendants took separate appeals, this court, instead of consolidating them, dismissed both. Holbrook, etc., Contracting Co. v. Menard (C. C. A.) 145 F. 498; Interurban St. Ry. Co. v. Menard (C. C. A.) 145 F. 500.

[2, 3] The technical mode of proceeding to obtain severance is not important. Anything in the record which shows that the omitted party has had notice of the appeal and has chosen to abide by the decree is sufficient, as shown in Masterson v. Herndon, supra. And the reason is that, if he has had an opportunity to join in the appeal, he cannot complain of the situation in which his own inaction has placed him. See Pierce v. Chapman, 31 Ga. 674. Nothing to indicate that the Trust Company had an opportunity to choose appears in this record. It had no notice of the Mission Society's appeal. Its belated appearance and request to join as an appellant is certainly not equivalent to summons and severance. It is, indeed, the exact opposite, for by it the Trust Company indicates its desire for a review of the decree and the prevention of its enforcement pending the appeal.

[4] It is now too late for the Trust Company to be brought in as a party appellant. The defect of nonjoinder of a necessary appellant is not one which can be cured by amendment after the statutory time for appeal has expired. See Estis v. Trabus, 128 U. S. 225, 9 S. Ct. 58, 32 L. Ed. 437; Mason v. United States, supra; Dolan v. Jennings, 139 U. S. 385, 11 S. Ct. 584, 35 L. Ed. 217; Babcock v. Norton, supra; Consumers' Cotton Oil Co. v. Nichol, 120 F. 818 (C. C. A. 8); Copland v. Waldron, 133 F. 217 (C. C. A. 9); American Surety Co. v. Colorado, 22 F.(2d) 624 (C. C. A. 8). Omitted appellees may, it is true, be brought in by amendment of the citation or by voluntary appearance. Lockman v. Lang, 132 F. 1 (C. C. A. 8); Richardson v. Green, 130 U. S. 104, 9 S. Ct. 443, 32 L. Ed. 872; Jacobs v. George, 150 U. S. 415, 14 S. Ct. 159, 37 L. Ed. 1127. But to allow a necessary party to join as appellant is in effect to grant him an appeal after the statute has forbidden it. See 2 Ruling Case Law, 66, § 48, and cases cited above in this paragraph.

It is urged that appellant's motion to amend may be granted on the authority of

Inland & Coasting Co. v. Tolson, 136 U. S. 572, 10 S. Ct. 1063, 34 L. Ed. 539; The Mary B. Curtis, 250 F. 9 (C. C. A. 9); The Seguranca, 250 F. 19 (C. C. A. 5). In the Tolson Case the missing parties, who were allowed to join as appellants, were sureties to an undertaking on appeal. They were not sureties to the original obligation sued upon, as in Estis v. Trabue, decided before, and Mason v. United States, decided just after, the Tolson Case. Either on this ground, or on the form of the judgment, the case must be distinguished; otherwise, it is out of harmony with a long line of Supreme Court decisions. See comments in Copland v. Waldron, supra, p. 219. In The Mary E. Curtis and The Seguranca, the missing parties were sureties on a stipulation to release the arrested vessel. The decisions were rested upon the Tolson Case and must be similarly distinguished. In situations similar to that now before us, we think the authorities are conclusive that we are without power to permit a codefendant to be joined by amendment as a party appellant after the time for appeal has elapsed.

One further possibility of saving the appeal, though not now presented by the record, nor expressly urged by counsel, is suggested by Richards v. American Bank and Hill v. Western Electric Co., namely, that this court might give the appellant an opportunity to move for an order of severance in this court, provided the Trust Company would file its appearance and release errors in the decree. A release of errors appears to have been filed in Richards v. American Bank, 234 F. 300 (C. C. A. 9), and on the strength of it the court refused to dismiss the appeal. In so deciding the court relied upon Hill v. Western Electric Co., 214 F. 243 (C. C. A. 6). This was an appeal by a creditor from an order adjudging Rankin bankrupt. Rankin was not made a party to the appeal, and the appellees, who were other creditors, moved to dismiss it for that reason. Thereafter Rankin voluntarily appeared, waiving notice of the appeal, and submitting himself to the jurisdiction of the court. The court said that the bankrupt had presented no objection to the order of adjudication, and that they were disposed to treat the record as including him at least as a party appellee. They therefore overruled the motion to dismiss, saying that the course they pursued was within the law of Teel v. Chesapeake & Ohio R. Co., 204 F. 914 (C. C. A. 6). That, however, was a case of amending a writ of error and issuing a new citation to bring in an additional appellee. The Hill Case is, therefore, very slender authority for the Richards decision, which itself contains no argument.

The question is not without difficulty. In favor of the suggested course it may be said that, if the nonjoined defendant is willing to release errors, he effects a severance in fact from his codefendant who has appealed, and destroys both of the reasons asserted for dismissal of the appeal because of his nonjoinder. On the other hand, it is urged, first, that the severance must appear from the record of the court from which the appeal is taken; and, second, that, even if severance may be ordered by the appellate court, a severance effected after the statutory time limited for an appeal cannot validate the defective appeal, because the court acquired no jurisdiction within the time limited.

That the severance must appear from the record of the lower court has been frequently stated in dicta. See Mussina v. Cavazos, 20 How. 280, 289, 15 L. Ed. 878; Todd v. Daniel, 16 Pet. 521, 523, 10 L. Ed. 1054; Masterson v. Herndon, 10 Wall. 416, 418, 19 L. Ed. 953; Inglehart v. Stansbury, 151 U. S. 68, 72, 14 S. Ct. 237, 38 L. Ed. 76; Fitzpatrick v. Graham, 119 F. 353 (C. C. A. 2); Holbrook, etc., Co. v. Menard, 145 F. 498, 500 (C. C. A. 2); Ibbs v. Archer, 185 F. 37, 42 (C. C. A. 3). In none of these cases was a motion to sever made in the appellate court. This, however, was moved in Mason v. United States, 136 U. S. 581, 10 S. Ct. 1062, 34 L. Ed. 545, where the missing defendants filed their appearance and consented to the entry of an order of severance, "and to any further order that may be necessary to enable the plaintiffs in error to prosecute said suit." Nevertheless the appeal was dismissed. It may well be doubted, however, whether the practice at common law in writs of error was not to issue the writ of summons and severance out of the appellate court. Mottu v. Primrose, 23 Md. 482.

The federal cases also contain many statements which tend to support the argument that the court acquires no jurisdiction where a necessary party is neither joined nor severed for failure to join. See Estis v. Trabue, supra; Dolan v. Jennings, 139 U. S. 385, 388, 11 S. Ct. 584, 35 L. Ed. 217; Fitzpatrick v. Graham, 119 F. 353 (C. C. A. 2); Grand Island, etc., Co. v. Sweeney, 103 F. 342, 348 (C. C. A. 8); Copland v. Waldron, supra; Dodson v. Fletcher, 79 F. 129 (C. C. A. 8). The cases raise so much doubt as to whether we have power to permit a severance after the time for appeal has elapsed that we are unwilling to decide the question on a record which does not raise it.

The appellant's motion to amend must be denied, and the appellees' motion to dismiss must be granted; and it is so ordered.