JOHN CLIFTON, CLAIMANT OF THE BRIG WATER WITCH, HER TACKLE, &C., APPELLANT, *v.* WILLIAM H. SHELDON.

Where a decree was made by the Circuit Court, sitting in admiralty, that two persons should pay freight, one in the sum of $583.84, and the other in the sum of $1,754.22, and the latter only appealed to this court, the appeal must be dismissed, as the amount in controversy is less than $2,000.

The rights of the two were distinct and independent; but if the freight be con sidered a joint matter, both should have joined in the appeal.

THIS was an appeal from the Circuit Court of the United States for the southern district of New York.

The facts are stated in the opinion of the court.

The motion to dismiss the appeal was argued by *Mr. Donohue* in support of it, and by *Mr. Owen* against it.

*Mr. Donohue's* points were the following:

I. The record shows that Mr. Sheldon is ordered and decreed to pay between $1,800 and $1,900, besides costs, and that Mr. Brower does not complain of the decree below.

II. As a matter of law, no appeal lies, unless the matter in dispute, exclusive of costs, exceeds the sum of $2,000.

Udall *v.* the Ohio, 17 How., 17.
Olney *v.* the Falcon, 17 How., 19.
Allen *v.* Newbury, 21 How., 248.

III. In this case, the amount in dispute is less than $1,900 and costs; the only judgment or decree against Sheldon is that, and Brower not appealing, Sheldon cannot appeal for him.

Where the property is bonded, that bond takes the place of the thing, and the judgment goes against the claimant, there Sheldon's cotton could not be held for Brower's freight.

IV. As a matter of equity, the record shows that the appellant has a judgment against Clifton for the very amount he defends against here.

*Mr. Owen* opposed the motion, on the following grounds:
· The right of appeal is given when the "matter in dispute" exceeds the sum of $2,000, exclusive of costs.

I. The "matter in dispute" in this action was the freight upon the entire cargo, and which, according to the decree, amounted to $2,338.06, exclusive of costs. Unless, therefore, the apportionment of this sum between the claimants, which the Circuit Court, by its decree, assumed to make, operates as a severance of the action, giving the libellant independent rights against the respective claimants for their particular portion of freight, and no more, the motion must be denied.

· II. But the decree did not so operate, and the respective claimants, as to the libellant, were liable for the entire amount.

1. The stipulation or bond given by the claimants, claiming the property, was joint, and the summary judgment thereon, against the stipulators, must be a joint judgment for the entire amount of freight. The court could not order otherwise; certainly not without the consent of the stipulators and of the libellant.

2. The decree was irregular and erroneous in attempting so to sever the liability of the claimants. There was no allegation in the pleadings upon which to found such a decree. The decree should have been *secundum allegata*.

III. But if the decree apportioning the liability be regular and proper, still the claimant, Sheldon, has a right of appeal, for, as to him, the matter in dispute exceeds $2,000.

1. The decree of the Circuit Court directs Sheldon to pay $1,754.22, together with the costs, taxed at $586.79, amounting, in the aggregate, to $2,341.01. Even if it be considered that he is not to pay the whole, but only his proportion of the costs, still the amount which he is decreed to pay will exceed $2,000.

2. The "matter in dispute" on this appeal is therefore the sum so decreed to be paid for damages and costs. The costs are as much a part of the judgment debt as the damages; both are merged in one judgment.

3. The costs referred to in the judiciary act are not those which have entered into and become part of the judgment appealed from, but those which may accrue on the appeal.

Such appears to have been the views of this court in the case of Olney v. the Falcon, (17 How. Rep., 19,) where it is said that "the defendant can appeal when the judgment or decree against him exceeds the sum or value of $2,000.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court of the United States for the southern district of New York, in admiralty. A motion has been made, on the part of the appellee, to dismiss the appeal, for the want of jurisdiction.

A libel was filed by Clifton, in the District Court, to recover freight on the two hundred and sixty-nine bales of cotton and nine bags of wool. Brower and Sheldon appeared as claimants, and contested the claim for the freight. Brower claimed sixty-seven of the two hundred and sixty-nine bales, and Sheldon two hundred and two bales. The District Court dismissed the libel.

On appeal to the Circuit Court, this decree was reversed, and decree rendered in favor of the libellant for the amount of the freight, $2,338.06; that J. W. Brower, claimant of a portion of the cotton, pay to the libellant the sum of $583.84, being the freight on the cotton claimed by him in the suit, and that the

claimant, W. H. Sheldon, pay for the portion claimed by him the sum of $1,754.22. Sheldon appealed from the decree to this court.

The motion is now made to dismiss the appeal, on the ground that the decree against Sheldon is less than $2,000, and which is apparent from a perusal of the decree. The sum decreed against him is only $1,754.22.

The freight was separately awarded against the claimants, in proportion to the cotton shipped by each one. The rights of each were distinct and independent.

But if it were otherwise, and the whole of the freight jointly against the claimants, the appeal must still be dismissed, as then the claimants should have joined in it.

Motion to dismiss granted.