## HARDEE *v.* WILSON.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF GEORGIA.

No. 34. Argued November 3, 1892. — Decided November 21, 1892.

Where a decree in equity is a joint one against all the defendants, all the parties defendant must join in the appeal from it.

There is nothing in the facts in this case to take it out of the operation of that general rule.

THE case is stated in the opinion.

*Mr. William D. Harden* (with whom was *Mr. Charles N. West* on the brief) for appellant.

*Mr. Thomas P. Ravenel* (with whom were *Mr. Rufus E. Lester* and *Mr. Livingston Kenan* on the brief) for appellee.

MR. JUSTICE SHIRAS delivered the opinion of the court.

It appears by this record that Benjamin J. Wilson filed in the Superior Court of Washington County, in the State of Georgia, his bill of complaint against James M. Minor, Annie E. Minor and John L. Hardee, and that the cause was subsequently removed into the Circuit Court of the United States for the Southern District of Georgia. In his bill the complainant charged that a certain conveyance of land, made on the 18th day of March, 1876, by said James M. Minor to himself as trustee for his wife, Annie E. Minor, and a certain

other deed of conveyance of the same lands, made on the 6th day of February, 1877, to John L. Hardee, were without consideration, and with the intention of putting said lands beyond the reach of his creditors, and particularly with the intention to delay, hinder and defraud him, the said complainant, in the collection of a certain judgment in his favor against Minor, and prayed that said deeds might be declared null and void as to his said demand.

Answers were filed to this bill by Hardee, and by Minor and his wife, and the case was so proceeded with that, on the 12th day of December, 1887, a final decree was entered declaring, in effect, that the trust deed in favor of Minor's wife was void, and that the deed to Hardee could only operate as a security for the payment of a certain sum of money found to be due Hardee on an account stated by a master.

From this decree Hardee has appealed, and the question presents itself whether his appeal can be heard in the absence of Minor and his wife, who were codefendants with him in the court below, and who have taken no appeal.

Undoubtedly the general rule is that all the parties defendant, where the decree is a joint one, must join in the appeal. *Owings* v. *Kincannon*, 7 Pet. 399; *Mussina* v. *Cavazos*, 6 Wall. 355.

In the present case, Hardee, the appellant, complains that the decree below was wrong, as respects him, in two particulars: First, in declaring that the deed, absolute in form, from Minor and wife to him, was merely a security; and, second, if the deed were a security only, in fixing the amount of his debt at too small a sum. And as it was the interest of Minor and wife to have their deed to Hardee held to be a security, merely, and also to have the debt thereby secured found as small as possible, particularly as the decree gave them a beneficial interest in the proceeds of the sale of the land ordered by the decree, it was contended that it would be for the interest of Minor and wife to have the decree stand, and that hence Hardee might prosecute his appeal alone.

At the same time it was said that if this were not so, the Minors had disclaimed any interest. But the disclaimer was

nothing more than that the Minors agreed with the position taken by Hardee, which, however, the Circuit Court held to be untenable. And it further appears that one matter in controversy in the court below was the validity of the deed of trust declared by Minor in favor of his wife, and which deed was declared by the decree in the court below to have been given without consideration, and in fraud of Wilson and other creditors of Minor, and as respects this feature of the decree it was the right of Minor and wife 'to have taken an appeal. In the case of *Masterson* v. *Herndon,* 10 Wall. 416; it was held that, " It is the established doctrine of this court that in cases at law, where the judgment is joint, all the parties against whom it is rendered must join in the writ of error; and in chancery cases, all the parties against whom a joint decree is rendered must join in the appeal, or they will be dismissed. There are two reasons for this: 1. That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed. 2. That the appellate tribunal shall not be required to decide a second or third time the same question on the same record. In the case of *Williams* v. *Bank of the United States,* 11 Wheat. 414, the court says that where one of the parties refuses to join in a writ of error, it is worthy of consideration whether the other may not have remedy by summons and severance; and in the case of *Todd* v. *Daniel,* 16 Pet. 521, it is said distinctly that such is the proper course. This remedy is one which has fallen into disuse in modern practice, and is unfamiliar to the profession; but it was, as we find from an examination of the books, allowed generally, when more than one person was interested jointly in a cause of action or other proceeding, and one of them refused to participate in the legal assertion of the joint rights involved in the matter. In such case the other party issued a writ of summons by which the one who refused to proceed was brought before the court, and if he still refused, an order or judgment of severance was made by the court, whereby the party who wished to do so could sue alone. One of the effects of this judgment was to bar the party who refused to proceed,

from prosecuting the same right in another action, as the defendant could not be harassed by two separate actions on a joint obligation, or on account of the same cause of action, it being joint in its nature. This remedy was applied to cases of writs of error when one of the plaintiffs refused to join in assigning errors, and in principle is no doubt as applicable to cases where there is a refusal to join in obtaining a writ of error or in an appeal. The appellant in this case seems to have been conscious that something of the kind was necessary, for it is alleged in his petition to the Circuit Court for an appeal that Maverick [the codefendant] refused to prosecute the appeal with him. We do not attach importance to the technical mode of proceeding called summons and severance. We should have held this appeal good if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But the mere allegation of his refusal, in the petition of appellant, does not prove this. We think there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest. Such a proceeding would remove the objections made in permitting one to appeal without joining the other, that is, it would enable the court below to execute its decree so far as it could be executed on the party who refused to join, and it would estop that party from bringing another appeal for the same matter. The latter point is one to which this court has always attached much importance, and it has strictly adhered to the rule under which this case must be dismissed, and also to the general proposition that no decree can be appealed from which is not final in the sense of disposing of the whole matter in controversy, so far as it has been possible to adhere to it without hazarding the substantial rights of parties interested."

In the case of *Downing* v. *McCartney*, reported in the Appendix to 131 U. S. at page 98, where the decree below was joint against three complainants, and one only appealed, and there was nothing in the record showing that the other

complainants had notice of this appeal, or that they refused to join in it, the appeal was therefore dismissed. *Mason* v. *United States*, 136 U. S. 581, was a case where a postmaster and the sureties on his official bond being sued jointly for a breach of the bond, he and a part of the sureties appeared and defended. The suit was abated as to two of the sureties, who had died, and the other sureties made default, and judg-- ment of default was entered against them. On the trial a verdict was rendered for the plaintiff, whereupon judgment was entered against the principal and all the sureties for the amount of the verdict. The sureties who appeared sued out a writ of error to this judgment, without joining the principal or the sureties who had made default. The plaintiff in error moved to amend the writ of error by adding the omitted parties as complainants in error, or for a severance of the parties, and it was held that the motion must be denied and the writ of error be dismissed. In *Feibelman* v. *Packard*, 108 U. S. 14, a writ of error was sued out by one of two or more joint defendants, without a summons and severance or equivalent proceeding, and was therefore dismissed.

The state of facts shown by the record brings the present case within the scope of the cases above cited, and it follows that the appeal must be

*Dismissed.*