CAPITOL FREEHOLD LAND AND INVESTMENT COMPANY, LIMITED, v.
MARGARET ANN BABCOCK, EXECUTRIX, ET AL.

Decided March 1, 1902.

Appeal—Dismissal—Costs—Receiver.

Where the interests of all the defendants in reversing a judgment appointing a receiver were identical and there was no reason why separate appeals should have been taken, the same grounds for reversal being urged in each, the costs on an appeal by one of them wherein the transcript was filed after the submisison of the other, will be taxed against appellant, although the judgment was reversed on the other appeal and the receiver discharged.

Appeal from Hartley. Tried below before Hon. H. H. Wallace.

*W. Boyce,* for appellant.

*Bomar & Bomar,* for appellees.

CONNER, CHIEF JUSTICE.—The judgment attacked by the appellant investment company on this appeal having been reversed and set aside by us on a former day of this term in cause No. 3878, upon an appeal by appellant's codefendants in the proceeding or judgment from which the appeal herein has been taken, it is conceded that it will be our duty to sustain the motion of appellees and to dismiss this appeal. For statement and opinion on first appeal see 3 Texas Court Reporter, 521.

It is insisted, however, that the reverse of the general rule in cases of dismissal should be applied, and that the costs of the appeal should be taxed against appellees. A consideration of the record convinces us that this relief should not be granted. The judgment sought to be set aside is identical in the two cases. The transcript in this case and the assignments of error are identical with the transcript and assignments of error in said cause No. 3878. In cause No. 3878, the proceedings wherein we judicially notice, the appellants perfected their appeal on July 29, 1901, making the supersedeas bond payable, among others, to the appellant herein. The transcripts were applied for on the same day, to wit, September 9, 1901, and delivered to the attorneys of the respective parties on the same day, to wit, October 4, 1901. The transcript in No. 3878 was filed in this court on October 17, 1901. On November 6, 1901, the transcript herein was filed, this being after the submission of cause No. 3878, and but three days before this court handed down its opinion reversing the judgment of the district court in question. Counsel for appellant herein appeared also as counsel in some of the proceedings for the appellants in the other cause. One of the sureties on the appeal bond in this case was the agent or attorney in fact by whom the appellants in the other cause executed their appeal bond, and so far as we can determine from the record the interests of all parties defendant in reversing the judgment were identical.

Upon the merits of the controversy between the parties it may be

true that the interests of appellant herein and of the appellants in the former appeal are not identical, but they are so as to the judgment of the trial court appointing a receiver and conferring upon him certain powers. If, as insisted upon by appellant, the order appointing a receiver was more comprehensive than the prayer of the original petition therefor and operated upon property of the appellant company situated in Texas not in possession of the syndicate, as the other appellants were styled, it does not appear to be material. It does not appear from the record that the appellant company in fact had property situated in Texas not in possession of the syndicate, if indeed this would make any difference. It may also be conceded as ordinarily true that each defendant has a right to an appeal from a final judgment. We can not think, however, that the privilege so conferred by our statutes is to be construed as conferring upon each one of numerous defendants the right to prosecute separate appeals in cases where the judgment from which the appeal is to be taken operates upon all alike, and where as to the issues determined by such judgment there is no conflict of interest. The courts certainly have the power to protect themselves from causeless or useless labor, and adverse litigants from vexatious litigation and unnecessary costs. See Railway v. Laffoon, 33 S. W. Rep., 584; Harris v. Simmang, 29 S. W. Rep., 668; Hardie v. Wilson, 146 U. S., 179, L. Ed., 36, 933.

No reason is perceived why parties having identical interests in the reversal of the judgment and asserting precisely the same reasons for such reversal should not ordinarly join in the appeal. It is not asserted in answer to the motion that the former appeal was not in good faith, or that it was collusive, or that any other reason existed why a separate appeal by this appellant became reasonably necessary. Nor does a consideration of the record develop a reason for a refusal of appellant herein to join in the former appeal. Under such circumstances we think the general rule should obtain, and that the appeal should be dismissed at appellant's cost.

The motion therefore will be sustained and the judgment entered accordingly.

*Appeal dismissed.*

Hunter, Associate Justice, did not sit in this case.