## MONSERRATE GARCIA MAYTIN *v.* VELA.

## BEATRIZ DE LOS ANGELES, WIDOW OF ALOS, *v.* MONSERRATE AND DOMINGA GARCIA MAYTIN

APPEALS FROM THE SUPREME COURT OF PORTO RICO.

Nos. 90, 245.    Argued March 8, 9, 1910.—Decided March 21, 1910.

In the absence of summons and severance all defendants against whom a decree in an equity suit is entered must join in the appeal. *Hardee* v. *Wilson*, 146 U. S. 179.

In a suit coming from a Territory this court is not inclined to overthrow the assumptions of the trial court in regard to matters controlled by the local law; and so held in affirming a judgment in a case coming from Porto Rico involving questions of inheritance and prescription.

*Quære,* as to the effect of Article 811 of the Civil Code of Porto Rico, requiring an ascendant inheriting property under certain conditions

to reserve the property in favor of relatives belonging to the line from which the property originally came, as to property inherited before the adoption of the article by one dying after its adoption still possessed of the property.

THE facts are stated in the opinion.

*Mr. N. B. K. Pettingill,* with whom *Mr. Robert H. Todd* was on the brief, for appellant in No. 90, and appellee in No. 245.

*Mr. Willis Sweet* for appellee in No. 90 and appellant in No. 245, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

These are cross-appeals in a proceeding brought by Monserrate and Dominga Garcia, two sisters of Manuel Garcia Maytin, and by another plaintiff now dropped out, to establish their rights in property descended from the said Manuel Garcia. The claim is founded upon Article 811 of the former Civil Code, of which the following is the War Department translation: "The ascendant who inherits property from his descendant, acquired by the latter for a good consideration from another descendant [ascendant] or from a brother or sister, is obliged to reserve the property he may have acquired by force of law in favor of the relatives within the third degree belonging to the line from which such property originated."

The following is the course of the property concerned:

1. Complainants' brother, Manuel Garcia Maytin. Died intestate in 1886, succeeded by

2. His daughter, Mrs. Beatriz Garcia de Ibarra, as sole heir. Died intestate and without descendants 1891, succeeded by

3. Her mother, Mrs. Beatriz Alós, widow of Manuel Garcia Maytin, as sole heir. Died, 1904, leaving a will, devising to

4. Her mother, Beatriz de los Angeles, and nephews and nieces, who with Vela, the executor of the will, and with purchasers from Mrs. Beatriz Alós, are the defendants.

It will be seen that (3) Mrs. Beatriz Alós was an ascendant who inherited from her descendant (2), Mrs. Beatriz Garcia, property acquired by the latter from the ascendant (1), her father. Therefore the devisees of Mrs. Beatriz Alós would be postponed by the law just quoted in favor of the relatives within the third degree, who are the two sisters bringing this complaint.

The Supreme Court of Porto Rico, in a very lucid and persuasive opinion, established the position of the plaintiffs and answered the objections urged by the defense. It was shown that as Mrs. Beatriz Alós (3) inherited all the property of her daughter (2) as sole heir, notwithstanding the fact that the husband of the latter had the usufruct of one-third for life, the obligation extended to all the property so inherited, being the same property that the daughter had inherited from her father, she not appearing to have had any other estate, with insignificant exceptions. It was shown further that the obligation of Mrs. Beatriz Alós and Mrs. Beatriz de los Angeles was not affected by the failure of the plaintiffs and others to make it appear in the registry that the property was subject to be reserved. Mortgage Law, Art. 199. That section was not the source of the plaintiffs' rights, but only a means of securing them against *bona fide* purchasers. It did not extinguish their rights as against the relatives under Art. 811 of the Civil Code, in case of neglect. Finally, a satisfactory answer was given to the argument that the plaintiffs were barred by prescription, under an order of the military government of Porto Rico, published on April 4, 1899, by which the Civil Code, Art. 1957, was amended so that ownership should prescribe by possession for six years with good faith and a proper title. The daughter died in 1891, and her mother recorded her title in the registry and held from 1891 to her death in 1904. But it was replied that

in the first place prescription had not been pleaded, and was not open, and, secondly, that Article 1957, and therefore the amendment, referring to prescription to acquire ownership, coexists with Art. 1963, which fixes a term of thirty years for the prescription by which ownership of real property is lost through a failure to bring a real action, and that in this case the prescription relied upon (and, we may add, probably the only one that could have been relied upon) was that resulting from the plaintiffs not having sued.

For these reasons the Supreme Court affirmed a judgment of the District Court, condemning the defendants to deliver to the plaintiffs certain specified land, or, where the same had been sold, the value of the same, to be ascertained by appraisement, with the costs in the District Court. The defendant, Mrs. Beatriz de los Angeles, appealed, her appeal being number 245 in this court, but as the other defendants did not join in the appeal, and there was no summons and severance, not to speak of other possible objections, the appeal must be dismissed. *Hardee* v. *Wilson,* 146 U. S. 179. We therefore go no farther on this part of the case than to give the foregoing brief summary of an argument from which we see no reason to dissent.

The plaintiffs also appeal and this makes it necessary to mention one or two facts not noticed thus far. On the death of Manuel Garcia, his widow, in the course of proceedings for the settlement of his estate, filed what seems to have been called a petition for partition, admitting however that there were no properties belonging to the conjugal partnership. An auditor was appointed and he prepared schedules of assets and liabilities, of the portion of assets distributed to the widow for the payment of such liabilities, and of the remainder awarded to the daughter and sole heir; this last consisting of two parcels of land and some personalty of small value. Thereupon the partition was closed. The judgment appealed from gave the plaintiffs only the land inherited by the mother from the daughter and included in the last-

mentioned schedule. The plaintiffs set up that the partition proceedings were void upon their face for several reasons and that they therefore are entitled to all the property that Manuel Garcia left.

The local courts answered this claim by saying that if there were otherwise any foundation for it, it is barred by the limitation of four years set to rescissory actions and actions for nullity by Arts. 1076 and 1301 of the Civil Code. For in the first place neither the daughter nor her husband, Mr. Ibarra, ever took any steps to set the partition aside, and it is plausible to say that the plaintiffs claim by inheritance from her, since if she had left descendants the property would have gone from her to them. Hence, notwithstanding the daughter's inability to cut the plaintiffs off in the event that happened, it is questionable at least whether they are not barred by what barred her. In the next place, the plaintiffs took no steps after the daughter's death, during the whole lifetime and occupation of her mother from 1891 to 1904. Even if, as the plaintiffs say, their right would have been divested by their death during the life of the mother, Mrs. Beatriz Alós, (3), it seems to have vested at the death of the daughter, Mrs. Beatriz Garcia (2). We are not prepared to overthrow the assumption made by the court, whose experience in such questions is entitled to much consideration, *Armijo* v. *Armijo*, 181 U. S. 558, 561, *Albright* v. *Sandoval*, Feb. 21, 1910, *ante*, p. 331, that the plaintiffs had a sufficient interest to entitle them to bring an action to set aside the so-called partition on the daughter's death, and that on their failing to do so the right to dispute the same was barred by lapse of time.

If the partition stands the other questions argued, as to purchasers from the mother, Mrs. Beatriz Alós, etc., need no further answer. We deem it proper to add one remark. Article 811 created the right by which the plaintiffs recover. It did not go into effect until after the death of Manuel Garcia, so that it would seem to have been open to argument that

his daughter inherited his property by an absolute title which that law should not be construed to have disturbed. But as it did go into effect before the daughter's death, and as it has been assumed on all hands that that moment was the decisive one, we have made the same assumption under the circumstances and for the purposes of this case. It seems to us, however, that the plaintiffs have reason to be satisfied with retaining what they got by the judgment below.

<div style="text-align:right">

No. 90. *Judgment affirmed.*

No. 245. *Appeal dismissed.*