**PRIEST v. SEAMAN et al.**

(Circuit Court of Appeals, Eighth Circuit. May 11, 1920.)

No. 5448.

Appeal and error ⬿324—All parties affected must join in appeal, in absence of notice and severance.

    To sustain an appeal from an order equally affecting several defendants, all must join in the appeal, or there must be a notice and severance.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by John W. Seaman against Richard McCulloch and others. From an order of the District Court, defendant Henry S. Priest appeals. Appeal dismissed.

Henry S. Priest and Thomas T. Fauntleroy, both of St. Louis, Mo. (Boyle & Priest and Fauntleroy, Cullen & Hay, all of St. Louis, Mo., on the brief), for appellant.

Ephrim Caplan, of St. Louis, Mo., for appellee Seaman.

George H. Williams, of St. Louis, Mo. (Irvin V. Barth, William R. Gentry, M. F. Watts, and Edwin W. Lee, all of St. Louis, Mo., on the brief), for appellee Leed Mining Co.

Randolph Laughlin, of St. Louis, Mo. (Ephrim Caplan, of St. Louis, Mo., on the brief), for appellees Laughlin.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

STONE, Circuit Judge. John W. Seaman filed his bill, as a stockholder, against the United Railways Company, this appellant, as an officer of such company, and various other officers and directors of the company. The purposes of the bill were to recover assets alleged to have been wrongfully diverted by such officers and directors, to escape certain burdensome power contracts fraudulently made by such officers and directors on the part of the company, to displace such officers and directors, and, incidentally, if necessary to preserve the assets and the street railway system from dismemberment, to have a receiver appointed. Later Samuel W. Adler, a junior bondholder, filed his bill against the company and its predecessor, alleging insolvency and threatened dismemberment of the railway system by holders of

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defaulted bonds senior to those held by him, and asked a receiver-
ship. There were answers and interventions filed, and finally, upon
motion of Seaman and certain interveners, the Adler Case was con-
solidated as an intervention with the Seaman suit. Prior to this last
order a receiver had been appointed in the Adler suit. As a part of
the above order of intervention and consolidation a receiver was ap-
pointed, and the usual injunction issued against interference therewith
by officers and directors of the company. From this order appointing
a receiver, enjoining corporate action by the officers and directors, and
declaring the Adler bill an intervention in the Seaman suit, Priest ap-
peals. The above outline is sufficient for the purposes of this case,
but a more detailed statement may be found in the case of Adler v.
Seaman (C. C. A.) 266 Fed. 828, decided at this time.

A motion to dismiss this appeal has been filed. The grounds there-
for are:

That "the appellant, Henry S. Priest, is only one of a number of defendants
in this cause, and all the parties [defendant] interested in the cause and affect-
ed by the decree are not joined in this appeal, nor have such other parties [de-
fendant] been notified and requested to join in the appeal, nor has a severance
been obtained on their refusal to join in the appeal," and that "the real party
[defendant] in interest in this cause and affected by the order appealed from
is the United Railways Company of St. Louis, and this defendant does not join
in the appeal, nor has it been served with notice of the appeal and requested
to join in the appeal, nor has a severance been taken as to this defendant."

The petition for appeal was taken by "Henry S. Priest, one of the
defendants in the above-entitled cause, for himself and such other of
the defendants as may join herein," and was signed, "Henry S. Priest,
by Boyle & Priest, Solicitors." There is no claim that any notice to
other defendants or any severance for appeal was attempted. It is
thus plain that the appeal was by Priest alone. Just before the oral
argument of this appeal, appellant presented a written request up-
on the part of all the other defendants, except D. R. Francis, Jr., and
Annie E. Huttig, heir and trustee under will of Charles H. Huttig,
deceased, asking to be permitted to join in this appeal. This was in-
effective, for one reason, inter alia, because out of time (2 R. C. L.
66, § 48), and, for another, that it still leaves two defendants, at least
one of whom is equally interested and affected by the order with ap-
pellant Priest. This leaves the questions raised by the motion where
they were.

This appellant has no interest severable from that of other of the
defendants. We think the law is clearly as contended by appellees,
and that this appeal should be dismissed, because neither the other
defendants appealed, nor was a severance for appeal granted to this
appellant. Garcia v. Vela, 216 U. S. 598, 601, 30 Sup. Ct. 439, 54 L.
Ed. 632; Beardsley v. A. & L. Ry. Co., 158 U. S. 123, 15 Sup. Ct.
786, 39 L. Ed. 919; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39,
36 L. Ed. 933; Hampton v. Rouse, 13 Wall. 187, 20 L. Ed. 593; Clif-
ton v. Sheldon, 23 How. 481, 16 L. Ed. 429; Todd v. Daniel, 16 Pet.
521, 523, 524, 10 L. Ed. 1054; Owings v. Kincannon, 7 Pet. 399, 8

L. Ed. 727; Williams v. Bank of U. S., 11 Wheat. 415, 6 L. Ed. 508; 2 R. C. L. 66, Sec. 49; 3 C. J. 1005, 1011, 1012.

The motion to dismiss the appeal is sustained, and the appeal dismissed.