## OSAGE OIL & REFINING CO. et al. v. MULBER OIL CO. et al.
### No. 218.

Circuit Court of Appeals, Tenth Circuit.
Feb. 8, 1930.

J. E. Whitehead, of Dallas, Tex., for appellants.

Sam K. Sullivan, Neal A. Sullivan, and Richard J. Shive, all of Newkirk, Okl., for appellee Mulber Oil Co.

Horace H. Hagan and T. Austin Gavin, both of Tulsa, Okl., and Neal A. Sullivan, of Newkirk, Okl., for appellee Elm Oil Co.

Before LEWIS and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

The appellees have filed a motion to dismiss the appeal on the ground that Felix Quinlan, E. A. Babcock and the Gypsy Oil Company, are necessary parties to this appeal; that they have not been joined as appellees, and that the time has now expired within which an appeal can be taken as to them.

There is also a motion of appellants, filed after the expiration of the statutory time in which to appeal, to make the same parties appellees. The motions were submitted on briefs.

There were numerous defendants named in the amended bill of complaint, but the only defendants served or appearing are the present appellees and the three which the appellants now seek to join as appellees.

The amended bill is in two counts, the first asking to foreclose a vendor's lien on a certain oil and gas lease, and the second to foreclose a mortgage on the same property. The mortgage was made by the Mulber Oil Company. As to the Gypsy Oil Company it is alleged that it is buying the oil from the mortgaged property and has failed to account to the plaintiffs therefor. As to the other defendants, it is alleged that they have

or assert some claim to the property which is junior and inferior to that of the plaintiffs.

An answer was filed by the Gypsy Oil Company disclaiming any interest in the controversy, and offering to hold the proceeds of the oil subject to the order of the court.

The Elm Oil Company, Felix Quinlan, and E. A. Babcock filed a joint answer and counterclaim. It is alleged, in substance, that the vendor's lien and the mortgage were void because of the failure of the Secretary of the Interior to approve of the same; that in any event the mortgage sought to be foreclosed was a second mortgage, and recited on its face that it was subject to a first mortgage to one L. D. Edgington; that the Elm Oil Company, in good faith and for full value, acquired the title without any knowledge of the vendor's lien; and also had acquired all interest of the first mortgagee; that the first mortgage had been foreclosed, and the interest of the plaintiffs herein had been adjudged to be junior and inferior to that of Edgington. That the defendant Elm Oil Company purchased at the sheriff's sale, and that the interest of the present plaintiffs in this property was thereby foreclosed. In the alternative it is alleged, that if the first mortgage sale was invalid for any reason, that it should stand subrogated to the rights of the first mortgagee.

It is also alleged that the Elm Oil Company had transferred a one-eighth interest in the property to Quinlan and one-eighth to Babcock. In the counterclaim, there is a prayer to quiet their title as against the plaintiffs. The Mulber Oil Company answered separately, affirming the truth of the answer of the other defendants.

Issue was joined and a trial had. A decree was entered July 13, 1929, in which the issues were found generally for the defendants and against the plaintiffs. The decree, however, gave the defendants no relief on the counterclaim, and simply dismissed the plaintiffs' bill. It is from this decree of dismissal that the appeal has been filed.

The petition for appeal was filed on September 12, 1929, and recites that the plaintiffs feel themselves aggrieved by "the decree made and entered in this cause on June 15, 1929, in favor of defendants, Mulber Oil Company, and the Elm Oil Company. * * * " The order of appeal is indorsed on the bottom of the petition. The assignment of errors, filed therewith, again recites that the plaintiffs were aggrieved by the decree rendered in favor of the defendants "Mulber Oil Company and Elm Oil Company, and

against these plaintiffs." Citations were served on the 30th day of September upon the Elm Oil Company and the Mulber Oil Company.

■ The Gypsy Oil Company is not a necessary party to the appeal. It is a mere stakeholder. At the outset of the trial the parties stipulated:

"By stipulation it was agreed that defendant Gypsy Oil Company had received the oil runs from the property and was still receiving same; that up to date of trial it had received oil and had on hand $16,816.-10 as the proceeds of the sale of the oil received. That it occupied the position of a stakeholder and that neither party to the suit would ask other liability against the Gypsy Oil Company and that the court in the judgment might find the amount due for the oil run and make proper disposition of it in the case. Hence the Gypsy Oil Company made no further appearance."

Under these circumstances it would be manifestly absurd to put the appellants to the expense of joining the Gypsy Oil Company as a party to the appeal, or put it to the expense of following the appeal. Under no circumstances can judgment other than as stipulated be rendered against the oil company. Axelrod v. Osage Oil & Refining Co. (8 C. C. A.) 29 F.(2d) 712.

■■ In support of the motion to dismiss, counsel cite the line of cases holding that where a joint decree has been entered, the Court of Appeals cannot acquire jurisdiction unless all parties jointly affected join in the appeal, or are given an opportunity to join by a summons, and a severance has been granted. Owings v. Kincannon, 7 Pet. 399, 8 L. Ed. 727; Todd v. Daniel, 16 Pet. 521, 10 L. Ed. 1054; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Hardee v. Wilson, 146 U. S. 179, 13 S. Ct. 39, 36 L. Ed. 933; Garcia v. Vela, 216 U. S. 598, 30 S. Ct. 439, 54 L. Ed. 632. Many other cases are cited in Babcock v. Norton (2 C. C. A.) 5 F.(2d) 153.

Passing the question of whether this decree is joint, or several, in which latter case all affected need not join (Forgay et al. v. Conrad, 6 How. 201, 12 L. Ed. 404; Brewster v. Wakefield, 22 How. 118, 16 L. Ed. 301; Winters v. United States, 207 U. S. 564, 28 S. Ct. 207, 52 L. Ed. 340, and other cases cited in Hart v. Wiltsee (1 C. C. A.) 16 F. (2d) 838), the facts are that in this case all parties adversely affected by the decree did join in the appeal. There were two plain-

tiffs whose bill was dismissed; both join in this appeal. Jurisdiction of this court has therefore properly attached.

■ When jurisdiction of this court has attached, another rule comes into play. The leading case on the subject is Lockman v. Lang (8 C. C. A.) 132 F. 1, 4. Therein Judge Sanborn lays down the rule as follows:

"A citation to appear at the hearing in the appellate court is not jurisdictional in its nature. Its only purpose is to give notice to the appellees that the appeal will be prosecuted, so that they may appear and have a hearing if they desire. It is a part of the procedure prescribed not to give jurisdiction to the appellate court, but to secure to the appellees a fair opportunity to present to that court their arguments in support of the decision below. If, through accident or mistake, the citation has been omitted, and no notice has been given to the appellees of the hearing, the appellate court has ample power to direct its issue and to continue the case until reasonable notice of the hearing has been given. But it may not dismiss an appeal, which is a matter of right, and which is duly allowed by the trial court by the mere acceptance of security for its prosecution (Simpson v. First National Bank [C. C. A.] 129 F. 257, 260), until an opportunity to give the requisite notice has been furnished, whether the application for the citation is made before or after the statutory time for the appeal has elapsed (Dodge v. Knowles, 114 U. S. 436, 438, 5 S. Ct. 1108, 29 L. Ed. 144 [296]; Hewitt v. Filbert, 116 U. S. 142, 144, 6 S. Ct. 319, 29 L. Ed. 581; Mattingly v. Railroad Co., 158 U. S. 53, 56, 15 S. Ct. 725, 39 L. Ed. 894; Evans v. State Bank, 134 U. S. 330, 331, 10 S. Ct. 493, 33 L. Ed. 917; Altenberg v. Grant, 28 C. C. A. 244, 246, 83 F. 980, 982; Railroad Equipment Co. v. Southern Ry. Co., 34 C. C. A. 519, 522, 92 F. 541, 544)."

There is a limitation of time within which such alias citation may issue, but it is not the statutory time for appeal; the time limit is "before the end of the next ensuing term of this court." Jacobs v. George, 150 U. S. 415, 14 S. Ct. 159, 160, 37 L. Ed. 1127. The present rules of this court and the Supreme Court require that the citation must be served "before the return day" (S. C. Rule 10, 10th C. C. A. Rule 13); the Supreme Court rule in effect when the case of Jacobs v. George was decided, provided that citation must be served before the first day of the ensuing term (S. C. Rules of 1884, 8). Notwithstanding, the Supreme Court and the Court of Appeals for the Eighth Circuit held that others could be joined as appellees within the next ensuing term of the court. This circuit has also so held. Werner, Harris & Buck v. Equitable Trust Co. 33 F.(2d) 1023.

■ But one question remains: Does the record show that citations were not served on Quinlan and Babcock through "accident or mistake"? Undoubtedly, the mortgagee is not required to appeal from a decree rendered in favor of all of his adversaries, if the decree is such that a reversal or modification of the decree will not affect the rights of the parties not joined in the appeal. He may believe that the trial court is right in its decision as to a part of the adverse claimants, or that their interest is not sufficient to justify an appeal. In that event, he may appeal from a decree as far as it denies him relief against the interest of certain parties, and not appeal as to the decree denying him relief as to other parties. The record in this case indicates clearly that the appellants did not intend to appeal from the decree as far as it held that the interest of these two men was not subject to their claims. In the petition for appeal, the appellants declared that they were aggrieved by the decision of the court in favor of "defendants Mulber Oil Company and the Elm Oil Company," and did thereby appeal from said decree. In the assignment of errors the same thing was said. The bond given on appeal runs only to the Mulber Oil Company and the Elm Oil Company. Citations were sued out and served only on the Mulber Oil Company and the Elm Oil Company. Quinlan and Babcock were not omitted through accident or mistake. The time for appeal having elapsed, the appellants cannot appeal as to them.

The motion to dismiss and the motion to make additional parties appellees will be denied.