**BURROW et al. v. CITIZENS' STATE BANK et al.***

**No. 7402.**

Circuit Court of Appeals, Fifth Circuit.

Jan. 19, 1935.

W. J. Gex, of Bay St. Louis, Miss., for appellants.

John R. Anderson and Guy Mitchell, both of Tupelo, Miss., for appellees.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants were denied leave to intervene. On the assumption that the order was a final one and appealable, they seek by this appeal to review and reverse it. The suit into which they sought to come was a suit at law brought on March 27, 1933, by the Cit-izens' State Bank v. Maryland Casualty Company on two standard form bank burglary and robbery policies with an aggregate coverage of $37,000. In it plaintiff alleged that it had suffered loss by robbery of $33,857.39 cash and securities, $18,257.39 cash and $15,600 bonds, one $100 government bond, and thirty-one Mosses Creek drainage district bonds, having a par and a market value of $500 each. It further alleged that in and by the same robbery there was seized and taken from its vaults property it held as gratuitous bailee of the total value of $8,600; $400 of this was cash belonging to Miss Mildred Burrow, $8,000 was United States government bonds, the property of Burrow & Co., and $200 was Treasury bonds, the property of Mrs. L. T. Wesson. It was alleged that, after its own loss of $33,857.39 was fully paid, there would still be remaining of the total coverage, $3,142.61 for application under paragraph G[1] to the loss of securities it held as bailee.

The company on May 26, 1933, admitting liability to plaintiff for the cash and the government bond, denied liability on account of the Mosses Creek drainage district bonds, alleging that the bank had suffered no loss on account of them, first, because they were of no value, and, second, because the duplicates which the district would on application issue would be of equal value. It also denied liability to plaintiff for the property and security the bank had as bailee. On October 7, 1933, appellants came seeking entrance into the suit. Their petition for intervention alleged the ownership of the $8,000 of bonds referred to in the bank's petition, their deposit for safe-keeping with the bank; that the bank had informed them of the robbery and the loss of their bonds and that the loss was fully covered by insurance. It further alleged that they are now informed that the bank wrongfully claims that practically the full amount of insurance it carried is due it for its own losses, leaving only a small sum for petitioners, and that it is necessary that they intervene to protect their rights.

---

[1] Paragraph G. "If the amount of insurance applicable under the policy to loss for which claim is made by the Assured as required herein is more than sufficient to reimburse the Assured in full, the remainder of the insurance hereunder may be applied by the Assured to property insured hereby and held but not owned by the Assured, whether or not the Assured is liable therefor, provided that the As-sured has a record of such property as required in Condition B. If legal proceedings are taken against the Assured by the owner(s) of such property or others to recover for their loss, the Assured shall promptly notify the Company in writing and, if the Assured so elects, the company shall conduct and control the defense at its own expense."

*Rehearing denied Feb. 15, 1935.

Conceiving that their claim of right to intervene would be stronger if the suit were in equity, the interveners had a count in their petition for leave to intervene, in which they moved for a transfer and for permission to intervene in the transferred cause under Equity Rule 37 (28 USCA § 723). In addition, they filed a petition to restrain the prosecution of that suit until they had become parties to it.

On April 5, 1934, their petition was denied. This appeal followed. Here the parties vigorously argue the right of appellants to intervene. Appellees insist that intervention in a lawsuit is unknown; appellants, citing Stieff v. Bailey, 4 Boyce (27 Del.) 508, 89 A. 366, a replevin case, insist that it is. Appellants argue that the order denying leave to intervene preventing their appearing and participating in the litigation has deprived them of substantial rights. Appellees argue that they have no rights to protect. Whether intervention in a lawsuit may be allowed in any case in the federal courts, and whether appellants have rights under the policies which they could have asserted had their intervention been allowed, are not before us for decision. For the order denying their petition to intervene was not appealable. Except in the single instance of the administration in court of a fund in which interveners claim a share, Bankers' Trust Co. v. Virginia Ry. & Power Co. (C. C. A.) 273 F. 999; Swift v. Black Panther Oil & Gas Co. (C. C. A.) 244 F. 20, 30, an order denying leave to intervene is a discretionary order. It is not a final order from which an appeal will lie. United States v. California Co-op. Canneries, 279 U. S. 553, 49 S. Ct. 423, 73 L. Ed. 838; Lupfer v. Carlton (C. C. A.) 64 F.(2d) 272, 273;[2] Bethlehem Steel Co. v. Int. Combustion Engineering Corp. (C. C. A.) 68 F.(2d) 952; Baker v. Spokane Savings Bank (C. C. A.) 71 F. (2d) 492; Vertner v. Vertner, 63 App. D. C. 179, 70 F.(2d) 783.

Swift v. Black Panther Oil & Gas Co., supra, contains a well-considered statement of the rule.

"In intervention there are two classes of cases—one class in which the intervention is not indispensable to the preservation or enforcement of the claim of the petitioner, and there the permission to intervene is discretionary with the court; another class in which the petitioner claims a lien upon or an interest in specific property in the exclusive jurisdiction and subject to the exclusive disposition of a court, and his interest therein can be established, preserved, or enforced in no other way than by the determination and action of that court. The petitioner, who has a claim of the latter class, has an absolute right to intervene in the proceeding in which the court holds the exclusive custody and dominion of the property, permission for him to intervene is not discretionary with the court, and he may review by appeal an order refusing that right."

The order complained of not being a final order, but one fully discretionary, is not appealable. The appeal from it is dismissed.

---

[2] In the Lupfer Case we said of a similar order: "The order in effect amounts to no more than a discretionary order, refusing, under circumstances showing no injury to him therefrom, to permit one to intervene.

"It is the generally accepted view that, where it is not made clearly to appear that the rights of a party will be lost to him by the refusal of the right to intervene, the granting or refusal of such an order is purely discretionary, and that it is not a final order from which an appeal will lie. [Citing authorities.] That this must be so is evident from its nature and effect. Refusing, as it does, to permit the petitioner to become a party to and to litigate his claims, it cannot conclude or affect him as to such claims, and, not at all affecting his rights, it can in no sense be said to be a final order."