WRIGHT ET AL. *v.* CENTRAL KENTUCKY NATU-
RAL GAS CO. ET AL.

No. 551.   Argued March 4, 1936.—Decided March 16, 1936.

538

*Mr. Lon B. Rogers* for appellants.

*Messrs. Henry T. Duncan, Dyke L. Hazelrigg,* and *Chester J. Gerkin* were on the brief for Central Kentucky Natural Gas Co., appellee.

*Messrs. Leo T. Wolford* and *William A. Minihan* were on the brief for the City of Lexington, appellee.

*Messrs. Joseph A. Edge, John H. Connaughton,* and *Raymond M. Hudson,* were on the brief for J. W. Delph et al., appellees.

PER CURIAM.

Under an ordinance of the City of Lexington, Kentucky, adopted in January, 1927, the Central Kentucky Natural Gas Company purchased a franchise for the distribution and sale of gas to consumers in that city. The contract with the city provided that the company should promulgate the rates which it proposed to charge and that, if the city deemed them to be excessive, proceedings should be instituted before the Railroad Commission of the State in order to have just and reasonable rates prescribed. It was also stipulated that pending the proceedings before the commission, and any subsequent proceedings in court, the company should have the right to charge specified temporary rates, provided that a certain amount collected under such rates should be impounded pending the final fixation of rates, whereupon

the sums impounded, with interest accumulations, should be distributed under the order of the commission, or of the court, to the company or to its several customers as the final determination should direct.

· The company promulgated a schedule of rates which the city assailed as excessive and a portion of the amounts collected was impounded. In 1929, the commission made an order prescribing rates and this order was attacked by the company in a suit in the District Court of the United States. By an interlocutory injunction that court enjoined further proceedings under the order and appointed as receiver the custodian of the fund which had been impounded by the commission, directing him to hold any fund required by the franchise contract to be impounded subsequently. On final hearing, the court held the prescribed rate to be confiscatory, but finding that a certain higher rate would be reasonable, directed that a permanent injunction should issue restraining the imposition of the prescribed rate, upon condition that the company file its consent that the fund impounded from the rate collected in excess of that deemed by the court to be reasonable should be distributed. As the company declined so to consent, a final decree was entered denying a permanent injunction and directing the distribution of the impounded fund.

This Court reversed the decree, holding that on the basis of the conclusion of the District Court that the rate prescribed by the commission was confiscatory, that court should have granted appropriate relief without condition, leaving the commission free to exercise its authority to fix a reasonable rate, and the court should have relinquished its control over the impounded fund by directing the receiver to retain it in his capacity as custodian appointed by the commission. *Central Kentucky Natural Gas Co.* v. *Railroad Commission,* 290 U. S. 264, 273, 275. The city and the company then undertook

to compromise their differences by agreeing upon a rate for the future and by providing for distribution of the impounded fund. The terms of the agreement were embodied in Resolution No. 74 passed by the Board of Commissioners of the City and accepted by the company. Pursuant to that agreement, the Board of Commissioners passed Ordinance No. 271 amending the existing franchise ordinance and putting into effect the agreed schedule of future rates. A petition for a referendum was filed against the latter ordinance, whereupon the Board of Commissioners repealed both Ordinance No. 271 and Resolution No. 74.

The present suit was then brought by the company against the city in the circuit court of the State for a declaration of the rights of the company and for a determination of the validity of Resolution No. 74 and Ordinance No. 271. Another suit was filed by J. M. Wright (appellant here) in the state court, setting up the adoption of the original franchise ordinance in 1927 and its acceptance by the city, and that he was a consumer of gas, and seeking a mandatory injunction directing the company to furnish gas to him at a specified rate until the proceedings before the Railroad Commission had been finally determined. The two cases were consolidated. Later, J. M. Wright and F. A. Forsythe (the other appellant here) were permitted to file an intervening petition in the company's suit against the city, setting forth their interest as consumers. The circuit court held Resolution No. 74 invalid in its entirety, because (1) it undertook to distribute, without the approval of the court, the fund in which it held the consumers had a vested right, (2) one S. B. Featherstone, who had been a party plaintiff on behalf of himself and all other consumers in earlier proceedings in the state court and before the Railroad Commission, had not agreed to the resolution, and (3)

the city was without power to agree upon a distribution of the impounded fund and could only agree on a rate, after which the duty would devolve upon the court and the commission to distribute the fund in accordance with the rate fixed.

That decision was reversed by the Court of Appeals of Kentucky, 260 Ky. 361; 85 S. W. (2d) 870. That court, after observing that it had been "erroneously thought by numerous voters that Ordinance 271 was subject to a referendum," reached the following conclusions: That at the time when Resolution No. 74 was passed the rate theretofore fixed by the Railroad Commission was a nullity; that the city and the company were as free to agree upon the rates to be charged under the franchise contract as they were before the void finding of the Railroad Commission was promulgated; that the consent of the court or commission required in the resolution was purely a formal consent to the method of distribution; and that there "was no reason requiring the consent of the court or commission as to the amounts distributed." In this view, the Court of Appeals deemed the question for its consideration to be whether or not Resolution No. 74 in effect fixed a rate. The court did not consider it necessary that Featherstone should be a party to the agreement, citing *In re Engelhard & Sons Co.*, 231 U. S. 646. "The matter was one entirely between the gas company and the city." The court then concluded that Resolution No. 74 "did in fact fix a reasonable rate for the period of impoundment"; that the city and the company "had the power to deal with the situation in a practical way," and that so long as the result of their action was to agree upon a return for the company that was neither extortionate nor confiscatory, there was no basis for objection to the method adopted. Accordingly, the court held that both Resolution No. 74 and Ordinance No. 271 were valid as contracts and could

not be repealed as attempted, and that it was "the plain duty of the public agencies concerned to lend every effort to bring this long-pending litigation to an end."

The case comes here on appeal. Appellants, consumers of gas, contend that the obligations of the original franchise contract have been impaired by the attempted compromise in violation of the contract clause of the Federal Constitution and that appellants have been deprived of vested property rights in the impounded fund without due process of law contrary to the Fourteenth Amendment. On examining the franchise contract and the proceedings for the impounding of amounts collected from consumers (*Appleby* v. *New York City*, 271 U. S. 364, 380; *Larson* v. *South Dakota*, 278 U. S. 429, 433; *Abie State Bank* v. *Bryan*, 282 U. S. 765, 773), we find no warrant for a conclusion that appellants had any vested right which precluded the city from effecting a reasonable adjustment of the controversy over rates and from entering into a contract fixing a reasonable rate for the period during which the fund was impounded as well as for the future. (Compare *Violet Trapping Co.* v. *Grace, ante,* r 119; *Ingraham* v. *Hanson, ante,* p. 378.) In making that settlement, as well as in the making of the original franchise contract, the consumers were represented by the city. *In re Engelhard & Sons Co., supra.* Compare *Smith* v. *Illinois Bell Telephone Co.,* 270 U. S. 587, 592; *Kentucky* v. *Indiana,* 281 U. S. 163, 174; *Chicago* v. *Chicago Rapid Transit Co.,* 284 U. S. 577.

The judgment of the Court of Appeals is

*Affirmed.*