**SAN ANTONIO UTILITIES LEAGUE et al. v. SOUTHWESTERN BELL TELE-PHONE CO. et al.**

No. 8133.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1936.

Chas. M. Dickson, of San Antonio, Tex., for appellants.

Carl Wright Johnson, Bruce W. Teagarden, and T. D. Cobbs, Jr., all of San Antonio, Tex., Wm. H. Duls and John H. Bickett, Jr., both of Dallas, Tex., and E. W. Clausen and Earl H. Painter, both of St. Louis, Mo., for appellees.

Before SIBLEY, and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge.

Southwestern Bell Telephone Company and the City of San Antonio, after years of hardly contested litigation over telephone rates in the District Court of the Western District of Texas, in cause No. 377 in equity, including the issuance of an injunction against a rate ordinance, the issuance of a bond to protect subscribers pendente lite, a trial on the merits and a reversal, settled their controversy.

On January 1, 1936, they submitted the settlement in the form of a consent decree to the District Court for its approval. The decree fixed a rate between that of the ordinance complained of in the suit and that contended for by the Company, and provided for refunds to subscribers on that basis. On that day appellants, purporting to represent 5,000 or more subscribers, made an unsuccessful attempt to intervene in the suit in order to oppose the entry of the consent decree in so far as it directed refunds on the basis of the agreed on rate. They appeal.

Appellees, urging that the order was discretionary and not appealable, have moved on the authority of In re Englehard & Sons, 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416; City of New York v. New York Tel. Co., 261 U.S. 312, 43 S.Ct. 372, 67 L.Ed. 673; New York v. Consolidated Gas Co., 253 U.S. 219, 40 S.Ct. 511, 64 L.Ed. 870; O'Connell v. Pacific Gas & Electric Co. (C.C.A.) 19 F.(2d) 460, and Wright v. Central Kentucky Natural Gas Co., 297 U.S. 537, 56 S.Ct. 578, 80 L.Ed. 850 to dismiss the appeal.

Appellants, recognizing the general rule to be that an order denying leave to intervene is a discretionary order, and therefore not a final one from which an appeal will lie, insist that their case is one of, and their motion presents, exceptional circumstances, taking the order appealed from here out of that rule.

We do not think so. To the thoroughly settled rule that an order denying leave to intervene is not appealable, In re Cutting, 94 U.S. 14, 15, 24 L.Ed. 49; Credits Commutation Co. v. United States, 177 U.S. 311, 20 S.Ct. 636, 44 L. Ed. 782, there is only one substantial exception, that he who seeks to intervene has a direct and immediate interest in a res which is the subject of the suit. United States v. California Cooperative Canneries, 279 U.S. 553, at page 556, 49 S.Ct. 423, 73 L.Ed. 838; Lupfer v. Carlton (C.C.A.) 64 F.(2d) 272; Burrow v. Citizens' State Bank (C.C.A.) 74 F.(2d) 929, 930. That, generally speaking, individual subscribers have no direct and immediate interest in a rate controversy and suit sufficient to authorize them to maintain or prosecute it, and that the matters involved in such a suit are matters entirely between the parties to it, the Utilities and the City, is settled by the authorities first above cited.

Nothing was alleged by appellants to take their case out of the general rule. Appellants conceded that they had no standing to contest that part of the consent decree which had to do with the rate for the future. They yet, in the face of the fact that the consent decree disposed of the controversy as an entirety, contended for the right to accept the benefits of one part of it, while contesting what they esteemed the burdens of another. They based this contention, not upon allegations of fraud or wrongdoing upon the part of the City, the only authorized representative of all interests to create the tentative fund and provide for its final realization and distribution, but upon mere unsupported claims that the settlement, approved by the City and by their silence, at least, by the overwhelming majority of the subscribers, did not evidence good judgment and could be bettered by a continuance of the controversy.

Entirely apart from the fact that the decree cannot be accepted in part, and rejected in part, but must be accepted or rejected as a whole, nothing in appellants' motion takes this case out of the general rule, that the allowance or refusal of a petition to intervene is discretionary, and not a final order from which an appeal will lie.

The appeal is dismissed.