### MACKEY v. CITY OF LITTLE ROCK et al. *

#### No. 10979.

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1938.

---

*Rehearing denied March 16, 1938.

Tom Poe, of Little Rock, Ark. (Sam T. Poe and John S. Gatewood, both of Little Rock, Ark., on the brief), for appellant.

G. B. Rose, of Little Rock, Ark. (Horace Chamberlin, E. B. Stokes, and Rose, Hemingway, Cantrell & Loughborough, all of Little Rock, Ark., on the brief), for appellees.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

The city of Little Rock, its mayor, treasurer, three members of its board of public affairs, and its city collector, in 1936 brought two actions at law in the circuit court of Pulaski county, Ark., against O. D. Hadfield, a former treasurer of the city, and the Fidelity & Deposit Company of Maryland, the surety upon his bond. There were other defendants at the time the actions were commenced, but they were eliminated during the progress of the litigation. The purpose of the actions was to obtain judgments against Hadfield and his surety for an amount equal to the amount of city funds which he, as treasurer, had on deposit in two state banking institutions in the city of Little Rock at the time they closed their doors. The actions were removed by the surety to the federal court on the ground of diversity of citizenship and a separable controversy. Motions to remand were made and denied. Issues were joined; the cases were consolidated for trial, and were tried by the court without a jury. The court found for the defendants, and judgments were entered accordingly, one on February 19, 1937, and the other on February 20, 1937.

On February 20, 1937, the appellant filed his petitions to intervene as a party plaintiff, in which he asserted that he was a citizen and taxpayer of the city of Little Rock and had an interest in the outcome of the actions; that the original plaintiffs had abandoned the litigation and their right of appeal; and that, unless intervention was granted, the citizens and taxpayers of Little Rock would suffer irreparable injury and loss. He prayed that he be permitted to intervene and that he be substituted as plaintiff, so that an appeal might be prosecuted to this court. Attached to his petitions were copies of a resolution of the city council of Little Rock instructing the city attorney to "dismiss his appeal from the judgment of the United States District Court where it was decided that O. D. Hadfield and Fidelity & Deposit Company are not liable for the actions of the said O. D. Hadfield." On March 15, 1937, the appellant filed amended petitions to intervene, which were not substantially different from those first filed by him.

On March 30, 1937, the court below denied the appellant's petitions to intervene, and, at the appellant's request, entered an order consolidating the cases for appeal.

His petition for appeal read as follows: "Now comes J. M. Mackey, intervener, appellant, by his attorney, and feeling himself aggrieved with the final order of this Court entered on the 19th day of Feby. 1937, and March 30, 1937, hereby prays that an appeal may be allowed him from said judgment to the United States Circuit Court of Appeals for the Eighth Circuit. * * *" The order allowing the appeal and fixing bond on appeal refers to "said judgment of Feb. 19th & Mar. 30th." The notice of appeal, which is addressed to the plaintiffs and the defendants, refers to "the judgment in the above entitled cases rendered by the Court on the 19 day of Feby., 1937, and Mar. 30, 1937." The citation on appeal, which is also addressed to the plaintiffs and the defendants, directs them to show cause "why the judgment rendered against the said appellant, J. M. Mackey, as in said appeal mentioned, should not be corrected. * * *" In perfecting his appeal, the appellant did not specify that he was appealing from the judgment of February 19, 1937, the judgment of February 20, 1937, and the order denying intervention entered on March 30, 1937; but the assignment of errors shows that he was attacking both the judgments and the order denying intervention; so we shall assume, without deciding, that the notice of appeal, the allowance of the appeal, and the citation on appeal were sufficient. Whether the plaintiffs were served with the notice of appeal is uncertain. The citation was served upon them.

The appellees have moved to dismiss the appeal on the grounds: (1) That the order denying leave to intervene was not an appealable order; and (2) that the appellant is not a person who can appeal from the judgments.

■ This appellate proceeding is not controlled by the laws of Arkansas, but "such proceedings are governed entirely by the acts of Congress, the common law, and the ancient English statutes." Camp v. Gress, 250 U.S. 308, 318, 39 S.Ct. 478, 482, 63 L. Ed. 997. See; also, Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 395, 57 S.Ct. 809, 812, 81 L.Ed. 1177. Therefore, whether a person in such a position as the appellant here would be allowed to take an appeal to the Supreme Court of Arkansas, and whether the proceedings taken by him to perfect his appeal would be adequate under the practice of that state, are matters of no concern to this court.

■ The judgments in these actions were joint judgments against all the plaintiffs and were binding upon all of them unless set aside or reversed. If one of the plaintiffs desired to appeal from the judgments, and the others refused, there would have to be a proper summons and severance in order to allow the prosecution of the appeal by less than the whole number of plaintiffs. Masterson v. Herndon, 10 Wall. 416, 417, 19 L.Ed. 953; Estis v. Trabue, 128 U. S. 225, 230, 9 S.Ct. 58, 32 L.Ed. 437; Mason v. United States, 136 U.S. 581, 10 S. Ct. 1062, 34 L.Ed. 545; Hardee v. Wilson, 146 U.S. 179, 180, 13 S.Ct. 39, 36 L.Ed. 933; Davis v. Mercantile Trust Co., 152 U. S. 590, 593, 14 S.Ct. 693, 38 L.Ed. 563; Monserrate Garcia Maytin v. Vela, 216 U.S. 598, 601, 30 S.Ct. 439, 54 L.Ed. 632; Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 180–182, 52 S.Ct. 354, 357, 76 L.Ed. 685. If the service of citation on appeal upon the plaintiffs could be regarded as the equivalent of summons and severance under the federal practice (see Hardee v. Wilson, 146 U.S. 179, 182, 13 S.Ct. 39, 36 L.Ed. 933), which we think it could not, the appeal nevertheless would have to be dismissed for other reasons.

The appellant was not a party to these actions either before or after judgment. He claims that as a taxpayer he had the absolute right to intervene, and that therefore the order denying him that right was a final order from which he may appeal.

■ The rule is "that an order denying leave to intervene is not appealable, Ex parte Cutting, 94 U.S. 14, 15, 24 L.Ed. 49; Credits Commutation Co. v. United States, 177 U.S. 311, 20 S.Ct. 636, 44 L.Ed. 782; Ex parte Leaf Tobacco Board of Trade, 222 U.S. 578, 581, 32 S.Ct. 833, 56 L.Ed. 323; In re Engelhard Co., 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416; City of New York v. Consolidated Gas Co., 253 U.S. 219, 40 S.Ct. 511, 64 L.Ed. 870; New York v. New York Telephone Co., 261 U.S. 312, 43 S. Ct. 372, 67 L.Ed. 673, except where he who seeks to intervene has a direct and immediate interest in a res which is the subject of the suit, compare French v. Gapen, 105 U.S. 509, 524–526, 26 L.Ed. 951; Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 36 L.Ed. 521; Leary v. United States, 224 U.S. 567, 32 S.Ct. 599, 56 L.Ed. 889, Ann. Cas.1913D, 1029; Swift v. Black Panther Oil & Gas Co. (C.C.A.) 244 F. 20, 30." United States v. California Canneries, 279

U.S. 553, 556, 49 S.Ct. 423, 424, 73 L.Ed. 838.

The appellant had no interest in any res which was the subject of the actions against the former city treasurer and his surety, for there was no res. The subject-matter of these actions was the alleged indebtedness of the defendants to the city of Little Rock for city funds which had been tied up in two local closed banks. The city was the proper party to bring the actions. If the defendants were indebted at all on account of these funds, they were indebted to the city and not to its individual citizens and taxpayers. The appellant and other taxpayers were represented in this litigation by the city, and none of them had any absolute right to intervene after judgment. Compare In re Engelhard & Sons Co., 231 U.S. 646, 34 S.Ct. 258, 58 L.Ed. 416; Smith v. Illinois Bell Telephone Co., 270 U.S. 587, 592, 46 S.Ct. 408, 410, 70 L.Ed. 747; Kentucky v. Indiana, 281 U.S. 163, 173, 174, 50 S.Ct. 275, 277, 74 L.Ed. 784; Chicago v. Chicago Rapid Transit Co., 284 U.S. 577, 578, 52 S.Ct. 2, 76 L.Ed. 501; Wright v. Central Kentucky Natural Gas Co., 297 U.S. 537, 542, 56 S.Ct. 578, 579, 80 L.Ed. 850; Caldwell v. Guardian Trust Co., 8 Cir., 26 F.2d 218, 222.

This appeal in so far as it is from the order denying intervention is dismissed on the ground that that order was a discretionary and not a final order; and in so far as the appeal is from the judgments it is dismissed because the appellant, not being a party to the actions, had no right to appeal therefrom.

Appeal dismissed.